Per Curiam.

The defendant is correct in his general position, that he is entitled to the same defence in this action as if Dyer had been the plaintiff. But in that case, he should not have availed himself of the defence urged at the trial, unless he had filed his account by way of set-off, pursuant to the statute. The direction to the jury was right, and there must be (a)

Judgment on the verdict.

*63 ADDITIONAL NOT®.
[See Grene vs. Burditt, 9 Pick. 265. — Cary vs. Brancroft, 14 Ibid. 315. — Wood vs. Warren, 3 Applet. (Maine) 23.— Wiggin vs. Damrell, 4 N. H. 69. — Albee vs. Little, N. H. 277. — Martin vs. Trobridge, 3 Verm. 477.—Smith vs. Van Loan, 16 Wend. 659.— Eaves vs. Henderson, 17 Wend. 790. — Hodge vs. Cromby, 2 Miles, 286.— Stedman vs. Gillson, 10 Conn. 55. — Tilton vs. Britton, 4 Halst. 920. — Emanuel vs. Atwood, 6 Port. 344. — Perny vs. Mays, 2 Bai. 354. — Nicoll vs. Bate, 10 Yerg. 429.
In a suit by the promisee against the maker of a note, the latter cannot offset against it a demand against a third person, which the plaintiff was not originally bound to pay, though he has made a binding agreement that the defendant shall receive such claim from his estate after his death. — Foot vs. Martin, 1 Metc. 273.
A negotiable note, payable on demand, was transferred and delivered by the payee, within a month from its date, for valuable consideration, but not endorsed till two years afterwards. In an action by the endorsee against the makers, held, they could not offset a demand due to them from the promisee, at the making and delivery of the note. — Ranger vs. Cary, 1 Metc. 369.
A note payable in bank, and assigned before maturity, is not subject to an offset against the payee. — O'Hara vs. The Bank, &c., 2 Alab. 367. — See Adams vs. M' Grew Ibid. 675. — Kennedy vs. Manship, 1 Ibid. 43. — F. H.]

 [In Holland vs. Makepeace, (8 Mass. Rep. 418,) it was held that a demand, to be the subject of a set-off, must have arisen from transactions between the parties in the suit. And this seems to be a reasonable construction of our statutes. They do not provide for, or contemplate, the filing of demands, in set-off, in any other case. In Peabody vs. Peters & Al., (5 Pick. 1,) Parker, C. J., said there were strong reasons, as well as authority, in the case of Holland vs. Makepeace, against allowing a defendant, in a suit by the endorsee of a promissory note, to avail himself of a demand against the payee in the form of an account filed in set-off; but he expressed a settled opinion that the facts might be given in evidence, and avail the defendant, under the general issue. In Stockbridge vs. Daman, (5 Pick. 225,) such evidence was admitted, as it seems, under the general issue, and the verdict for the defendant was confirmed. This is directly contrary to the case reported in the text. But in Sargent vs. Southgate, (5 Pick. 317,) an action by an endorsee of a note where the demands were filed in set-off, and the case of Makepeace vs. Holland, and Clark vs. Leach, above reported, were cited for the plaintiff. Parker, G. J., in giving the opinion of the Court, undertook to distinguish between those cases and the case then under discussion, saying that there was nothing in Holland vs. Makepeace analogous to the case before them; that the reasoning of Sedgwick, J., in support of the opinion he gave, was not required by the facts of the case; and that the case of Clark vs. Leach was distinguishable, because it was decided on the ground that the demand of the defendant had not been filed in set-off. There seems to be less reason for admitting this defence by way of set-off, because it does not proceed on the ground that the note was satisfied, or that there was any vice in it, or that it was invalid at the time of the negotiation; and matters of account, inter alios, cannot conveniently be examined, and because the defendant is not bound to try the validity of his claim in the action on the note, but may bring a separate suit if he elects so to do. — Minor vs. Walter, 17 Mass. Rep. 237. — See Knapp vs. Lee, 3 Pick. 459.
In Hallowell & Augusta Bank vs. Howard Al., (13 Mass. Rep. 235,) which was sn action on a note payable to the bank, which was not negotiable, but had been assigned, the court intimated an opinion that, if the assignment were out of the question, bank notes issued by the plaintiffs to the amount could not be filed in set-off, or given in evidence in defence. But in Sargent & Al. vs. Southgate, Parker, C. J., referring to that case, said, “ If these notes had been filed in set-off, having come into the defendant’s hands bond fide before the failure, without doubt they would have constituted a defence.”
In Richards vs. Blood, (17 Mass. Rep. 66,) and Truesdell vs. Wallis, (4 Pick. 63,) notes of hand were allowed to be given in evidence to support a claim in set-off foi money paid. — Ed.]