## Joseph D. Sargent *et al. versus* Isaac Southgate.

In an action by the indorsee against the maker of a negotiable note indorsed when overdue, the defendant may show in his defence a negotiable note made to him by the payee, upon proving that it was intended as evidence of a payment of the note in suit.

In such action the defendant may file in set-off a negotiable note made to him by the payee before he had notice that the note in suit was assigned.

But if he does not file such a note in set-off, nor prove that it was given as evidence of a payment, he cannot make use of it in his defence.

It is no objection to such set-off, that the defendant has commenced a suit upon the note filed.

Assumpsit on a promissory note made by the defendant on the 5th of May, 1822, payable to S. D. Watson or order on demand, for 180 dollars with interest.    The note was indorsed in blank by Watson on the 1st of February, 1824, being then in the hands of one Hamilton, a deputy sheriff, who in August or September 1823 had the note delivered to him by Watson as security for certain demands.    Afterwards the plaintiffs, having demands against Watson, who had become insolvent, and also acting as assignees of his effects for

the benefit of creditors, paid the debt to Hamilton, for security of which he held this note, and the note was delivered to them.

A witness testified, that in 1822, after the making of the note declared on, Watson requested him to ask the defendant for 50 dollars, stating that he had received 60 dollars a few days before, and that he was unwilling to ask the defendant so soon again for money. The witness asked for the note to take with him, but Watson said there was no need of it, he had got the other sum without the note ; whereupon the witness went to the defendant and asked for 50 dollars, which he received, and for which he gave a due bill in Watson's name, dated June 8, 1822.

For the 60 dollars which Watson had before received of the defendant, he gave a negotiable note, dated June 7, 1822.

It was objected, that a negotiable note having been given for the 60 dollars, that sum could not be allowed in payment or set-off against the note declared on ; but the objection was overruled.

The defendant had filed in set-off two other notes made to him by Watson, one dated January 1, 1823, for 50 dollars and interest, the other dated June 2, 1823, for 20 dollars and interest, and also an account current with Watson, the balance of which, with the notes, exceeded the amount of the note in suit.

It was objected that neither the notes, nor the balance of account, could be taken into consideration in defence of this action. No evidence was offered of any agreement by Watson that the account or the notes of January 1, 1823, and June 2, 1823, should go in payment of the note in suit.

In order to present the question of the right of the defendant to avail himself, by way of set-off or in defence, of his claims above stated, the judge recommended a nonsuit, with liberty to move to have it taken off ; and if the plaintiff was entitled to recover, the defendant was to be defaulted, and the amount to be recovered was to be determined by the Court.

The defendant, not knowing whether he could avail himself of the above claims in defence of this suit, instituted an action upon them, which is pending in this Court.

*Newton*, for the plaintiffs, admitted that the amount of the due bill was received as a payment upon the note in suit ; but he contended that the note for 60 dollars could not be given in evidence in defence ; for taking a negotiable note, instead of having the amount of it indorsed on the note in suit, shows it was not a payment, but an independent contract ; and the defendant, by commencing his action, has followed up his original intention. He has made his election.

The two notes of January 1 and June 2, and the balance of account, cannot avail as payments, for there is no connexion between them and the note in suit, as between the original parties to that note. There must be express proof that they were intended as payments. *Holland* v. *Makepeace*, 8 Mass. R. 418 ; *Clark* v. *Leach*, 10 Mass. R. 51. Neither can they be filed in set-off, for they are not between the parties to the suit. The case of *Knapp* v. *Lee*, 3 Pick. 452, is the only one allowing a set-off of demands not between the parties to the record, and that case proceeded on the ground of fraud. The Court reject a set-off where there has been a *bonâ fide* transfer and notice, even where the action is nominally between the original parties. *Hallowell &c. Bank* v. *Howard*, 13 Mass. R. 235 ; *Procter* v. *Newhall*, 17 Mass. R. 81 ; *Goodwin* v. *Cunningham*, 12 Mass. R. 193 ; *Jenkins* v. *Brewster*, 14 Mass. R. 291.

*Davis* and *Washburn*, *contrâ*. The plaintiffs are either equitable assignees or trustees for Watson ; but if they claim as indorsees, as the note was indorsed when it was overdue, it is subject to the same equities as if it had remained in the hands of the payee. Bayley on Bills, (by Phillips and Sewall,) 82, and note. The Court will not regard the mere names on the record, in regard to payment or set-off, but will look at the justice of the case. *O' Callaghan* v. *Sawyer*, 5 Johns. R 118 ; *Loomis* v. *Pulver* 9 Johns. R. 244 ; *Bowman* v. *Wood*, 15 Mass. R. 535. It is objected, as to the payment of 60 dollars, that the defendant took a negotiable note for the amount ; but the purpose of taking the note is open to explanation ; *Maneely* v. *M' Gee*, 6 Mass. R. 143; *Johnson* v. *Johnson*, 11 Mass. R. 360. We offer it as evidence of the receipt of money by Watson in payment. Bayley, 249 and note.

Sargent
*v.*
Southgate.
Oct 4th.

315

As the plaintiff is by law presumed to have known that we had a good defence, and as Watson is insolvent, we have a right to make use of the other two notes, and of the account, under the general issue, if there is any technical objection to filing them in set-off ; *Knapp* v. *Lee,* 3 Pick. 452 ; Esp. N. P. (Gould's 2d ed.) 84 ; but it may be inferred from some cases in our Reports, that we may file them in set-off under the statute. *Clark* v. *Leach,* 10 Mass. R. 51 ; *Field* v. *Nickerson,* 13 Mass. R. 137 ; *Hatch* v. *Greene,* 12 Mass. R. 197. To avoid any technical difficulty arising from the statute provision, that where the claims filed in set-off exceed the plaintiff's demand, judgment shall be rendered for the defendant for the balance, the present defendant offers to release any balance which may be found due to him. The circumstance that the defendant has brought an action on the notes, does not affect the right of set-off. *Evans* v. *Prosser,* 3 T. R 186 ; *Baskerville* v. *Brown,* 2 Burr. 1229.

PARKER C. J. delivered the opinion of the Court. In regard to the two first items claimed by the defendant as paid on account of the note on which he is sued, we think there is no doubt, from the evidence, that those sums were so paid. Watson, the payee, requested the witness to ask the defendant for fifty dollars, stating that he had a short time before received sixty dollars and was unwilling to ask so soon again ; and when the witness asked for the note to take with him, Watson answered, there was no need of it, he had got the other sum without the note. The witness then went to the defendant and asked for fifty dollars for Watson, which he received and gave a due bill for it in Watson's name. This sum, and the other sum of sixty dollars, for which Watson gave his promissory note, were unquestionably paid on account of the defendant's note to Watson. The form of the evidence, to wit, a promissory note and due bill, is no reason why they should not be used in defence of the note, the intention of the original parties being plain, and the present plaintiffs being subject to the same defence as Watson would be were he the plaintiff, they having received this note long after it was due, and received it in fact as agent and trustee of Watson to collect, and pay his debts with the proceeds

With respect to the other demands, consisting of a note for fifty dollars, dated January 1, 1823, and a note for twenty dollars, dated June 2, 1823, and the balance of account due from Watson to the defendant, as there was no direct evidence that they were for moneys advanced or articles delivered specially on account of the note in suit, the defendant cannot avail himself of them in defence, except under our statutes of set-off, he having filed these demands according to those statutes. Considering that these demands arose while Watson had possession of the note in suit, that he was an embarrassed man and had a right to call on the defendant for money, there can be little doubt that it was in fact paid by the defendant and received by Watson towards payment of the debt ; but the evidence does not prove it to be so.

After a good deal of deliberation with a view to other cases before us, as well as this, we have come to the conclusion, that the defendant may avail himself of these just and equitable claims against Watson, under the statute of set-off. That statute is remedial and ought to have a liberal construction ; it was intended to prevent the nominal creditor from recovering what may be due to him by the form of the contract, when in truth he is the debtor ; and it is in extension of this sound principle of justice, that he alone is substantially the creditor in whose favor the balance exists, that the courts allow judgments between the same parties to be set off, and that the legislature subsequently provided that executions also should be placed one against the other, whatever may have been the cause of action originally between the parties. It is true that the statute of set-off contemplated mutual demands between the same parties, but the common law or law merchant treats the holder of a promissory note which was dishonored when he took it, as the party to the contract, for all purposes of defence, when he shall put his note in suit. The principle as stated by Bayley, in his treatise on bills, is, that he "who takes a bill after it is due, takes it subject to all the objections and equities to which it was liable in the hands of the person from whom he takes it." Bayley (Phillips and Sewall's ed.) 82. Many authorities are cited by the Ameri

can editors of this book, which fully support this broad and general principle.[1] It is very obvious that this principle cannot be applied in many instances where the necessity of it will frequently occur, unless the operation of the statute of set-off can be made to apply to those who are not the original parties to the contract. It is quite common for those who have given negotiable securities, to make advances to their creditors on the faith and expectation of an allowance and adjustment, although not in the direct form of payment of their notes. Death or insolvency of the payee often occurs, and manifest injustice is done if the party so advancing is to be treated as a debtor to the whole amount, and as a creditor for what he may have so advanced. If his note is transferred while unimpeached, it is but right that he should suffer, for he has promised every *bonâ fide* holder according to the face of the note. But he who takes it with notice of grounds of defence, or after it is due, which the law charges as notice, is holden to take it altogether on the credit of the indorser, knowing, or boing presumed to know, that if the promisor had any dealings with the payee which would justify a defence, the note is chargeable with that defence in his hands. Now by our statute the promisor can, by giving notice, avail himself of moneys paid, goods sold and delivered, or services rendered, in an action on a promissory note by the payee. This is in fact a defence legal and equitable, and it is clearly within the principle laid down by Bayley and others as applicable to notes taken when overdue ; and if it cannot be applied because the note is indorsed, then the principle fails to an extensive degree, in cases where it would be most just and equitable to apply it. We think it would cease to be a general principle, and would only be a rule for particular cases not more meritorious than those which would not come within it.

The cases of *Holland* v. *Makepeace*, 8 Mass. R. 418, and *Clark* v. *Leach*, 10 Mass. R. 51, are relied upon principally, to support the objection. The case of *Holland* v

---

[1] See *Spring* v. *Lovett*, 11 Pick. 419; Bayley on Bills, (Phil. and Sewall's 2d ed.) 133, *et seq.*

*Makepeace* is within the excepted cases in the English and New York reports. Makepeace claimed to set off against a debt due from him to Coates, which had been assigned to Coates's creditors, he having failed, a note exceeding in amount the debt for which he was sued, which he had purchased at a discount after the failure of Coates. It was held and rightly, that he should not change his condition to the prejudice of the creditors of Coates, by a voluntary purchase of a debt. It was unjust towards the creditors, and came neither within the letter nor the spirit of the statute of set-off. There is nothing in the case analogous to that which is before us, and the decision therefore does not stand in the way of the principle which we think justice requires us to adopt, and which the spirit of the law will sanction.

There are expressions in the opinion of the Court, as delivered by *Sedgwick* J., which without doubt are unfavorable to the relief sought for in this case, but the reasoning in support of opinions often goes beyond what the case requires, and such reasoning, though entitled to respectful consideration, is never held to be binding on courts in subsequent cases ; and it ought not to be, for it is only the facts before the Court which call for a decision of the law, and a different state of facts may require a modification of the principle, or the application of a different one.

The judge considered the provision of the statute of 1784, that if upon the trial, a balance shall be found in favor of the defendant, he having filed his account in set-off, he shall recover the same, in the same manner as if he had brought his action therefor, as conclusively showing that the statute could not be applied against the indorsee of a promissory note. But we do not see why the equitable provision for a defendant, who is sued by the indorsee of an insolvent debtor, who took the note, as the law presumes, on the credit of the indorser only, it being dishonored, should not be extended as far as the circumstances will justify, that is, to a defence in the action, without any necessity of the defendant's recovering a balance against the indorsee.[1] The subsequent statute

---

[1] This difficulty is now removed by the Revised Stat. *c.* 96, § 22

Sargent
v.
Southgate.

of 1793, c. 75, § 4, has no such provision, and though the former statute is not repealed, yet under this last statute there is no doubt a judgment in favor of the defendant would be good, although he should not recover any balance that might appear to be due to him from the original party to the contract. The filing of the account in the clerk's office is merely for notice to the plaintiff; the defendant may prove as much of it as is necessary for his defence, and may abandon the residue. The statute of 1793 enacts, that the defendant may give in evidence, upon the general issue, his demands against the plaintiff for goods delivered, moneys paid, or services done, whereof an account shall be duly filed, &c.[1] Now the law merchant, which is the common law, says, that when a man purchases a note which is dishonored, it shall be subject to the same defence against him as if the action were brought by the payee. Against the payee the defence set up in this case would be perfect and complete; then it must be good against the present plaintiff, who has voluntarily substituted himself for the payee, and the forms must accommodate themselves to the principle. But it is said it was not intended that the assignee shall be bound to contest a demand, made by the defendant against the assignor, on a negotiable security which the defendant might have purchased This is true, and we wish not to disturb the principle, but to ground ourselves on the position laid down by the same judge, that such facts as will show that the security, at the time of the assignment, had become invalid in the hands of the original holder, shall equally avail the defendant against the assignee. The plaintiff in such case is put to no more disadvantage than he would be by a defence of payment, or want or failure of consideration, which may be always proved against an indorsee of a dishonored note. Indeed it is substantially payment, to show that the payee was indebted to an equal amount, and probably nine times out of ten the items of an account filed were intended between the parties to go in discharge of the note. Notes and bills indorsed in time are not affected by this principle, and it is only such that the

---

[1] See Revised Stat. c. 96, § 3.

nterest of the mercantile world requires should be protected. It were better perhaps that dishonored notes should not be negotiable, but assignable only in equity, so that the suit should be brought in the payee's name ; but it being settled that they are negotiable, the interest of the makers should be regarded ; for if by such indorsement the maker is deprived of his legal defence, nothing will be more easy than for the payee himself to avoid such defence by a friendly indorsement.

The case of *Clark* v. *Leach,* cited in the argument, rather favors than opposes this doctrine, for the defendant was not allowed to show in defence, demands against the payee, because he had not brought himself within the statute by filing his account in the clerk's office ; at least that is the only reason given by the Court.

There is no other case in our books which touches this question. That of *Hallowell and Augusta Bank* v. *Howard & al.* 13 Mass. R. 235, is very wide of it. The action was upon a note payable to the bank, not negotiable but assigned to a creditor of the bank. The defendant moved for leave to pay into court bills and notes issued by the bank payable to the bearer, under the rule for bringing money into court. This was not allowed, because the notes were not money, nor money's worth, they being almost worthless, the bank having failed. Of course the motion was rejected. If those notes had been filed in set-off, having come into the defendant's hands *bonâ fide* before the failure, without doubt they would have constituted a defence.

In the case before us, it being manifest that the plaintiffs acquired possession of the note sued, long after according to the rules of law it was dishonored, and the defendant having filed demands, acknowledged to be just, more than equal to the sum sued for, we consider his defence maintained. That under the terms *money paid* a promissory note may be so filed, is settled in the case of *Holland* v. *Makepeace ;* and that the defendant's having sued the same demands, does not deprive him of the defence, was settled in the case of *Evans* v. *Prosser,* 3 T. R. 186.[1]

---

[1] The above decision has been reviewed in New Hampshire and the law
325

here established, rejected as unsound. *Chandler* v. *Drew*, 6 N. Hamp. R. 469. See *Burrough* v. *Moss*, 10 Barn. & Cressw. 558. For other cases on this subject, see *Peabody* v. *Peters*, ante, 4, n. 1 ; *Shirley* v. *Todd*, 9 Greenl. 83 ; *Woods* v. *Farrar*, 6 N. Hamp. R. 28 ; Bayley on Bills (Phil. and Sewall's 2d ed.) 546, 547 ; *Savage* v. *Davis*, 7 Wendell, 223 ; *Braynard* v. *Fisher*, 6 Pick. 355 ; *Grew* v. *Burditt*, 9 Pick. 265 ; *Stockbridge* v. *Damon*, ante, 223 *Collins* v. *Allen*, 12 Wendell, 356.