## WILLIAM H. WOOD *versus* THOMAS WARREN.

When a suit is brought by the holder of a note indorsed over due, against the maker, he is not entitled to the benefit of his counter claims against the indorser, unless they are filed in set-off.

THIS was assumpsit on a note signed by the defendant for $681,24, and dated March 28, 1838, and payable to Stephen Waite, jr. or order, and by him indorsed, and on a memorandum check of which the following is a copy : —

" $1230,68     (Memo. Bank)    Portland, Nov. 13, 1838.

" Pay to No. 57 or bearer, twelve hundred and thirty dollars $\frac{68}{100}$.                                      " Tho's Warren.

    " To the Cashier."

It appeared in evidence that this check was given in payment to Joshua Gordon, and to have been by him, with the note, passed to the plaintiff some time after it was drawn, as collateral security.

There was testimony introduced by the defendant tending to prove, that when Gordon owned the note and check, and had them in possession, the accounts and claims justly due from Gordon to him were greater than all the claims which Gordon then held against the defendant. There was no account filed in set-off.

SHEPLEY J. instructed the jury, that it was not sufficient for the defendant to prove such a state of the accounts and dealings between him and Gordon, but he must show some agreement between the parties so to apply the note and check in account as to constitute between him and Gordon a payment or in some way to prove a payment of the note and check to be entitled to their verdict.

The jury returned a verdict for the plaintiff and the defendant's counsel excepted to the above instructions.

*Fessenden & Deblois,* for the defendant, cited *Shirley* v. *Todd,* 9 Greenl. 83 ; *Holland* v. *Makepiece,* 8 Mass. R. 418 ; Mass. St. 1784, c. 2, § 12 ; Mass. St. 1793, c. 76, § 4 ; *Peabody* v. *Peters,* 5 Pick. 1 ; *O'Collaghan* v. *Sawyer,* 5 Johns. R. 118 ; *Hendricks* v. *Judah,* 1 Johns. R. 319 ; *Sargent* v *Southgate,* 5 Pick. 312 ; *Barney* v. *Norton,* 2 Fairf. 352.

*A. Haines & W. P. Fessenden,* for plaintiff, cited *Clark* v. *Leach,* 10 Mass. R. 51.

The opinion of the Court was by

EMERY J. — Joshua Gordon was the fair holder of the note, mentioned in the report, *indorsed* by Stephen Waite, Jr., to whom or his order, it was payable. No question against the validity of the claim upon that demand can fairly be raised.

The memorandum check too against the defendant seems to have been delivered to said Gordon in payment. He might therefore, considering the *mere language* of the instruments, *one payable to Waite, or order,* and the other to *No. 57, or*

*bearer,* come to the plaintiff with apparent honest right to deliver both of them to him, as collateral security for the amount of Gordon's note to the plaintiff, for which amount, the verdict in this case is rendered against the defendant.

The defendant's counsel has yielded to the conviction that the check is a negotiable paper, and ceases to press any objection that it is of a different character. But the counsel still urge, that on the evidence tending to prove that at the time Joshua Gordon owned the check and note and had them in his possession and due, the accounts and claims justly due from Gordon to him were greater than all the claims, which Gordon then held against the defendant, he ought to avail himself of this state of facts in defence against the plaintiff's claim, though there was no account filed in set-off.

In *Shirley* v. *Todd,* 9 Greenl. 83, it was left undecided, whether an account in offset might be filed against the indorsee of a dishonored note, because in that case it appeared, that the order in question was drawn to pay the account, and it must have the same effect, as if the articles charged in the account were subsequently delivered to pay the order.

The case of *Clark* v. *Leach,* 10 Mass. R. 51, is a strong authority against the defence here attempted, for though the Judge, in that case, directed the jury that the unsettled account of the defendant against the original payee of the note could not be admitted without proof that it was delivered in actual payment of, or advance made by the defendant to Dyer, the payee, towards the note, the full Court held, that the direction of the Judge was right, and admitted, that the defendant was entitled to the same defence in this action as if Dyer had been plaintiff. But in that case, he could not have availed himself of the defence urged at the trial, unless he had filed his account by way of set-off, pursuant to the statute. No account had been filed in offset.

The case of *Barney* v. *Norton,* 2 Fairf. 350, virtually sustains the position that the account in set-off should be filed, and goes the length too of showing that such a measure may not make out a successful defence against the note. For " the

offset may be disproved. It may be shewn to have been otherwise discharged; and that the defendant's right of set-off is limited to the balance due from the payee to the defendant upon a full adjustment of all their mutual accounts of every description, at the time the note was indorsed to the plaintiff, and if no such balance was found due to the defendant, they should return a verdict for the plaintiff."

There may be some inconvenience attending this species of liberal investigation of the rights as it were of third persons. But the giver of a negotiable paper has no right to complain, for he deliberately invests the payee or holder with the power to exhibit a *prima facie* claim to the whole amount of the paper. And when the payee does negotiate it, and the promiser would resist by his unsettled claims against the payee before the transfer, the least which can be required of him is to give the purchaser or holder notice by filing his account against the payee in set-off against the plaintiff's demand, and so giving the plaintiff notice of the nature of the defence against which he is to prepare.

We are satisfied that the true construction has been given in *Sargent et al.* v. *Southgate,* 5 Pick. 312. All the object of justice is obtained by the defendant's satisfying the jury, that he had paid, as his account filed in set-off shows, to the original payee the whole of the demand before the transfer. If he establishes a greater claim against the payee it is not necessary that the law should compel the purchaser of the note, bill or check, to pay the overplus. Indeed it would be *purely unjust* that such should be the consequence. When such a result may occur it must be in an action between the original parties. In the present case, as no account was filed in set-off, we consider that the instructions to the jury were conformable to law, and that judgment must be entered on the verdict.