CHARLES R. HILL, in equity,
*vs.*
ANDREW J. CROCKER, and others.

Penobscot.   Opinion January 26, 1895.

*Shipping.   Agency.*

A managing part owner of a vessel employed in foreign commerce has author-ity to advance money for immediate necessary repairs in a foreign port, and can afterward maintain a bill in equity against the other part owners for contribution.

It is no defense to such a bill that the respondent obtained a nonsuit in an action at law brought against him by the holder of the note, other than the complainant, given by all the part owners to raise funds for the repairs, but signed without the respondent's authority.

ON REPORT.

This was a bill in equity heard on bill, answer and testimony. The case is stated in the opinion.

*T. W. Vose,* for plaintiff.

*P. H. Gillin,* for defendant, Littlefield.

A ship's husband or agent may contract bills against a vessel, but he cannot by virtue of his office borrow money on the credit of the owners to pay them. *Arey* v. *Hall,* 81 Maine, 17.

Counsel cited : *Hazeltine v. Miller,* 44 Maine, p. 177, and cases.

If the plaintiff could not prevail against the defendant in an action at law to make him pay his pro rata share of this note, he cannot prevail against him in this action in equity. It would be a peculiar rule of law that would allow an agent who had exceeded the scope of his authority in law to bind his principal in equity. *Batchelder* v. *Bean,* 76 Maine, 370.

SITTING : PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

EMERY, J. The brig James Miller of Bangor, in September, 1887, was in the port of Key West, Florida, in distress, and needing repairs to continue her voyage. The master sent notice of the circumstances to Charles R. Hill, the complainant, who was part owner and agent for all the owners of the brig. The master also requested that the sum of $2500, be sent him to enable him to make the necessary repairs. Mr. Hill thereupon called together such owners as were within call to make provision for the repairs. Several of the owners met and arranged that the necessary money should be raised by a note. Mr. Hill, therefore, prepared a note payable to his own order to be indorsed by him and discounted at the bank. This note was signed by the owners present, and the names of the absent owners were affixed by Mr. Hill, assuming to act as their agent.

VOL. LXXXVII.　14

The note was renewed in the same way three times and was finally paid with interest, each of the owners contributing his share, except the respondent, Freeman Littlefield, who has paid nothing. The proceeds of the note were sent to the master and applied to the repairs of the brig.

Mr. Littlefield was notified of the proposed meeting and of its purpose. He said he might not be able to attend, but if he did not he would be satisfied with whatever the meeting should resolve to do. He did not attend the meeting. Several other owners, who were absent at sea, were not notified of the meeting but have since paid their share of the money.

This bill in equity is now brought to compel Mr. Littlefield to contribute his share, which is agreed to be one hundred and ninety-six dollars, June 1, 1894, if he is bound to make contribution.

It is a general and necessary rule in maritime law that the managing owner, or ship's husband, has authority to bind all the owners for necessary repairs to the ship in a foreign port. Without such a rule foreign commerce by sea could not be carried on. *Benson* v. *Thompson*, 27 Maine, 474; *Hardy* v. *Sprowl*, 29 Maine, 258; *Chapman* v. *Durant*, 10 Mass. 51. It follows that, if such owner advances his money for such purpose, he may have contribution from the other owners. *Benson* v. *Thompson*, *supra*. In this case the recusant owner, Littlefield, was aware of the necessity of the repairs and of the proposed meeting of the owners to devise ways and means. He practically promised to acquiesce in the action of the meeting and contribute his share of the sum that should be raised for the repairs. It is equitable that he should contribute.

He claims, however, that it has already been adjudicated that he is not liable to contribute. The holder of the note brought an action on the note against Littlefield as a signer. It was ruled by the presiding justice that no evidence was then before the court that Littlefield had signed the note or authorized any one to sign for him. The plaintiff in that action thereupon became nonsuit. That judgment, however, is no bar to this equity suit. The parties are not the same. The cause of action is not the

same. It has never been adjudicated that Littlefield should not contribute his share of the money advanced for these repairs.

There should be a decree against Littlefield for the sum of one hundred and ninety-six dollars with interest from June 1, 1894, and costs, and a further decree for the distribution of the proceeds among the other owners.

*Case remanded for decrees in accordance with this opinion.*