10 U.S. 203
 6 Cranch 203
 3 L.Ed. 199
 STEWART
v.
ANDERSON
 February Term, 1810
 
 1
 ERROR to the circuit court for the district of Columbia.
 
 
 2
 Stewart, the endorsee of a promissory note, brought his action of debt, under the statute of Virginia, against Anderson, the maker. The note was made payable to W. Hodgson, and by him assigned to Stewart. It was dated the 25th of April, 1807, and payable 180 days after date, for 330 dollars and 56 cents.
 
 
 3
 The defendant pleaded,
 
 
 4
 1. Nil debet; and.
 
 
 5
 2. That at the time the note became due, and before the defendant had notice of the assignment thereof to the plaintiff by W. Hodgson, the latter became, and now is, indebted to the defendant in the sum of 566 dollars and 67 cents, by note dated the 29th of June, 1807, and payable 60 days after its date. That the defendant has been, and still is, ready and doth offer to set off against the money due from him by the note mentioned in the declaration, so much of the 566 dollars and 67 cents, as will be and is sufficient to discharge all that is due and owing from him for and on account of the note in the declaration mentioned.
 
 
 6
 Upon the trial in the court below the jury found a special verdict, which states, that Hodgson transferred to the plaintiff the note in the declaration mentioned; and afterwards, on the 14th of August, 1807, for the first time informed the defendant that the note was transferred, but did not say to whom. At the time of that information, the defendant held a note of W. Hodgson, dated the 29th of June, 1807, for 566 dollars and 67 cents which was given for a full and valuable consideration, and payable 60 days after date. When the defendant was informed of the transfer of the note he made no reply. The jury finally conclude by saying that they 'find for the defendant, provided the court are of opinion that the verbal notice given by Hodgson to the defendant, on the 14th of August, of the transfer of the note in the declaration mentioned, was not sufficient to bar the defendant's right of offsetting his aforesaid note of 566 dollars and 67 cents, against the plaintiff's note in the declaration mentioned. But should the court be of opinion that the said notice was sufficient to entitle the plaintiff to the money in the declaration mentioned, as against the defendant, then they find for the plaintiff,' &c.
 
 
 7
 Upon this special verdict the judgment of the court below was for the defendant; and the plaintiff brought his writ of error.
 
 
 8
 Youngs, for the plaintiff in error, contended that the note offered in discount was not a good set-off, because it was not payable at the time the defendant had notice of the assignment.
 
 
 9
 The act of assembly of Virginia (P. P. 36.) provides, that 'assignments of bonds, bills, and promissory notes, and other writings obligatory, for payment of money or tobacco, shall be valid; and an assignee of any such may thereupon maintain an action of debt, in his own name, but shall allow all just discounts, not only against himself, but against the assignor, before notice of the assignment was given to the defendant.'
 
 
 10
 Under this act of assembly it must be a just discount before notice; this could not be a just discount until it became payable. Money cannot be offset before it be due.
 
 
 11
 The act of assembly was not intended to embrace commercial cases. If it did, it would destroy the negotiability of notes, and all credit and confidence in mercantile transactions.
 
 
 12
 THE COURT stopped E. J. Lee, contra.
 
 
 13
 MARSHALL, Ch. J.
 
 
 14
 If Hodgson's note had not been payable till after Anderson's, it would have been a different case; but being payable before Anderson's, and holden by Anderson before notice, it is such an offset as he might avail himself of at the trial.
 
 
 15
 Judgment affirmed.