Nicholson, C. J.,
delivered the opinion of the Court.
The Gayoso Savings Institution, a banking corpo-. ration, in the city of Memphis, failed and suspended: payment on the 5th of February, 1868. On the next day a bill was filed to have its affairs wound up, and' administered in the Chancery Court, as an insolvent corporation. S. Mosby was appointed receiver on the-10th of February, 1868, and among the assets of the-institution which came into his hands was the follow--ing note:
“Memphis, Tenn., June 12th, 1867.
Four months after date we promise to pay to the-order of J. D. Ruffin, thirty-two hundred and seventy 70-100 dollars, at Gayoso Savings Institution; value-received. Thos. R. Smith.
Endorsed by G. D. Ruffin, Geo. C. Holmes.”
Mosby commenced suit on this note against -the makers and the endorser, in the La'w Court of Memphis..
*503 The defendants all pleaded the general issue, and' Smith and Holmes pleaded set-off.
The cause was submitted to the Court upon an agreed state of facts, which are those already recited,, with this addition — that the following certificate of deposit was issued by the Gayoso Savings Institution toW. T. Carra way, viz:
“Memphis, Tenn., Nov. 29th, 1867.
$1,770.30 Gold. W. T. Carraway has deposited in. this Institution seventeen hundred and seventy 30-100 dollars in gold — payable to order of himself in like-funds, on the return of this certificate properly endorsed, with interest at 6 per cent, from date, if allowed to remain three months.
E. M. Avery.
Endorsed: Without recourse on me.
W. T. Carraway.”
Upon these facts the question of law submitted to-the Court was, whether defendants Smith and Holmes, the holders or endorsers of the certificate of deposit,, were entitled to it as'a set-off against the note? The-Court held that defendants were not entitled to the-set-off, and gave judgment for the plaintiffs.
All questions growing out of the pleadings are-waived by the agreement to submit specific facts on which the judgment of the Court, as to the law applicable to the facts, was to be given. The agreed: state of facts is in the nature of a special verdict, and the question was, What judgment was to be given on such verdict? The note was subject to the same defenses in the hands of Mosby, the receiver, that it *504 would have been in the hands of the Bank itself. The certificate of deposit was negotiable paper, and its endorsement by the payee entitled the endorsees or holders to all the rights of bona fide holders, unless those rights are affected by the insolvency of the Bank.
Whether their rights as holders of -the certificate were affected by the insolvency of the Bank, depends upon the question, Whether they received it before or after the filing of the bill, to wind up the Institution as an insolvent corporation ? The endorsement ■of the certificate from Carraway to Smith and Holmes is without date, nor is there any evidence in the case indicating the time when the transfer was made.
The decision must, therefore, rest upon the rules of law which control in such cases.
In making the defense of set-off, the defendants occupy the position of plaintiffs. They admit their indebtedness, as indicated by the note sued on, but they allege that the Gayoso Savings Institution owes them the amount of the certificate of deposit, which they bring forward, and that they are entitled to have the same allowed as a set-off. But they are not entitled to the set-off, unless they were holders of the certificate when the bill was filed.
Occupying the position of plaintiffs, as to this pro-c eding, they are required to show the facts necessary t - enable them to recover. The law raises no presumption as to the time when they received the certificate — though it does as to the fact of their being holders for value. In such case, as in all others, the. burden of proof is on the plaintiff to make out his *505 case. It was so held in the case of Ogden v. Cowly, 2 John, 274, in which the Court say: “The only question is, On whom does the onus probandi lie, of proving when the defendant came to the possession of the checks? It lies really on the party who wishes to make out his demand, or defense by a particular fact, and of which he is supposed to be cognizant.” See Waterman on Set-off, 89.
It is true, that in 2 Parsons on Notes and Bills, €10, it is said, that “it has been held that the burden of proof is on the plaintiff to show that an assignment was made before the discount or set-off occurred, as well in a bond, as a negotiable note; and that the presumption is that the defendant had the counter claim before the action commenced.” But in a note Mr. Parson says: “But it has been held that the burden is with the defendant to show that he owned the set-off before the commencement of the suit. Smith v. Ewen, 22 Penn., 116. The ground taken was, that the affirmation being undertaken by the defendant of alleging set-off, the onus is with him. And the mere negotiability of a note offered in set-off is not proof sufficient, since notes are often negotiated after maturity. We may add, as a farther reason for letting the onus rest on the defendant, that he is best able to tell the circumstances and time of the transfer, which may be wholly unknown to the plaintiff.”
In Richie v. Moore, 5 Mo., 388, and Stewart v. Anderson, 6 Cranch, 203, it was held, that the defendant sued by the assignee of a note can not set-off a claim against the assignor’, unless he shows that *506 he held it at the time of the notice of the assignment.” We are therefore of opinion, upon reason and authority, that the burden was on the defendants, to show that they held the certificate before the filing-of the bill, by which the assets of the Bank were impounded, for the benefit of all the creditors of the Institution. As it does not appear that the Savings. Institution was a Bank of issue but only of deposite, the act of 1859-60, for the protection of bill-holders,, has no application to the ease.
The Court below so held the law, and we affirm the judgment.