ISAAC PARKER *vs.* ELEAZER KENDALL.

The maker of a promissory note, when sued by an endorsee, will not be allowed an offset of notes which he has purchased against the original payee of the note on which he is sued, unless he has perfected his right of action against such payee, by giving him notice that he is the holder of said notes, previous to the assignment to the plaintiff.

The demands proper to be pleaded in offset, in such cases, must be such as the defendant could have so pleaded if the action had been brought by the original payee of the note.

When the maker of a promissory note payable to A. B. or bearer, is sued by one, *as bearer,* the defendant will not be allowed to plead any demand in offset except such as he may have against the plaintiff in the action.

This was an action on a promissory note, dated April 29th, 1829, for $20,50, payable to Harvey Morgan, or bearer, in thirty days from date, and transferred to the plaintiff on the 1st day of May, 1829.   On the trial in the county court it appeared in evidence, that in June following, the plaintiff gave notice to the defendant, the maker, that he had purchased the note.   It also appeared that the defendant was the holder of two notes, executed by Morgan to Flint & Co. both dated March 9th, 1829, one for $10, and the other for $8,96, payable on demand, which had been regularly endorsed to the defendant in March or April, 1829; and that when the plaintiff notified the defendant of the assignment of the note by Morgan, the defendant notified the plaintiff that he, the defendant, held said notes against Morgan, and intended to have them set off against the note which had been assigned to the plaintiff by Morgan.

The court were of opinion that the defendant could not be allowed to plead the said notes in offset, because no notice had been given to Morgan, nor the plaintiff, of the purchase and transfer of said notes, before Morgan assigned the note in suit to the plaintiff. The defendant excepted to the decision, and the case was reserved for the opinion of this Court.

After argument,

WILLIAMS, J., *delivered the opinion of the Court.*—In order to enable a person sued to avail himself of a sum due to him as an offset, he must have a complete cause of action therefor at the time of the commencement of the suit against him.   If the sum is due on a note or bill endorsed, he must also have given notice of such endorsement to the opposite party before the day of the service of the plaintiff's writ, *(Judiciary act, sec.* 92, *and proviso to sec.* 12, *Justice act.*

The claim which was set up by the defendant in this case was

ADDISON,
January,
1831.

Parker
vs.
Kendall.

not for a sum of money due from the plaintiff, but from one Morgan, to whom the defendant had given the note on which the suit was brought by the plaintiff. The right of the defendant to plead such offset must, therefore, be made out under the statute.

The statute, passed in October, 1798, enabling endorsees to maintain actions in their own names, in the first section, gives to the endorsee or endorsees of certain promissory notes, payable to order or bearer, the right to maintain an action thereon in his or their own name. The second section enables the defendant in all *such* actions to avail himself of any equitable defence which he might have, if the action was brought by the original payee; and also to plead an offset of any demands, *proper to be pleaded in offset*, which the defendant may have against the original payee or payees before notice of such endorsement.

From these statutes it appears that no action can be defeated by a plea in offset founded on a note endorsed, unless the plaintiff was notified of such endorsement previous to the commencement of the action; and that the endorsee of a promissory note cannot be affected by any claim which the maker holds against the payee, except those which were proper to be pleaded in offset, before he gave notice to the maker that such note was endorsed to him. The Court are of opinion, that the demands proper to be pleaded in offset, must be such as the defendant could have so pleaded, if the action had been brought by the original payee to the note. In applying these principles to the case before us, it will be seen, that Morgan, at the time he sold and delivered to the plaintiff the note which is here sued, had not been notified of any claim against himself in favor of the defendant, and if he had commenced a suit thereon, he could not have been defeated by the plea of the defendant, as he had not been notified that the defendant held the notes which he gave to Flint & Co.; that the plaintiff purchased the notes of Morgan, and gave notice thereof to the defendant, before the defendant had perfected any claim against Morgan which he could have pleaded in offset against him; and the defendant cannot be in a better situation in a suit brought by the holder of a note, than he would have been if the suit had been commenced by the payee.

The defendant insists that the notice he gave to the plaintiff of his holding the notes given by Morgan to Flint & Co., was all that was requisite according to the statute. We think differently. The claim must have been perfected and complete against Morgan. The plaintiff was not the agent of Morgan,

ADDISON,
*January,*
1831.

Parker
*vs.*
Kendall.

and therefore was not the person to whom notice was to be given.

There is another view of the case which is equally fatal to the claim of the defendant ; and although I have not given it that consideration which I should, if the decision of the cause rested solely upon it, yet, as my brethren are all clear upon it, it is proper that it should be stated.

The defendant cannot avail himself of this defence unless it is by virtue of the second section of the statute before mentioned, which enables endorsees to maintain actions in their own names. That statute enables the *endorsee* of a note payable to *bearer* to maintain an action thereon in his own name ; and in *such* action the defendant may plead in offset, &c.

The plaintiff does not bring this action as endorsee, or by force of the statute, but sues as bearer.   In the case of *Matthews vs. Hall*, (1 *Vt. Rep.* 316,) it was decided, that on a note similar to the one here declared on, the bearer might maintain an action at common law, and that he derived no aid from the statute.

If the plaintiff can maintain this action as bearer by the principles of the common law, and is not obliged to sue as endorsee, the statute does not give to the defendant in such action the right to plead any demand in offset, except such as he may have against the plaintiff in the action ; and this, in pursuance of the general statutes on the subject of offsets.

The judgement of the county court is affirmed.

*Phelps & Bell*, for plaintiff.

*Linsley & Waller and Bates & Chipman*, for defendant.