HENRY KEYES v. WILLARD S. WATERS.

Objections to pleadings, which are proper matters for demurrer, or motion in arrest of judgment, cannot be taken in the supreme court, if not raised in the court below.

A writing upon the back of a negotiable promissory note, signed by the payee and directed to a third person, in these words,—" Please pay the bearer the within without recourse to the indorser,"—is a sufficient indorsement of the note, to enable such third person to maintain an action upon the note in his own name.

If a debtor become the indorsee of a promissory note, signed by the creditor, and give notice of his claim in offset before any action is commenced against him, his right to claim the offset becomes perfected, under the statute, and cannot be affected by the fact, that the creditor subsequently assigns his claim to a third person, nor by the fact, that the debtor, when notified by such third person of the assignment to him, made no mention of his right to set off the note against the claim assigned, but only mentioned, that he had a right to set off an account against it,—it appearing, that he did not promise to pay the debt to the assignee.

THIS was an action on book account. Judgment to account was rendered, and an auditor was appointed, who reported a balance due to the plaintiff; and the report was accepted by the county court.

The defendant then filed a plea in offset, founded upon a promissory note for eighty six dollars and three cents, dated July 30, 1838, signed by the plaintiff, and made payable to Joseph Parker, Jr., or order, on demand, with interest, and alleged that the note was indorsed to the defendant prior to the commencement of this action. To this plea the plaintiff replied, that he did not assume and promise, &c. Trial by the court,—HEBARD, J., presiding.

On trial the defendant gave in evidence the note described in his plea, duly indorsed by Parker. The indorsement *was* dated April 30, 1841, and was in these words ;—" Mr. Keyes, Sir ; Please pay the bearer the within, without recourse to the indorser; (Signed) J. Parker." The plaintiff objected to the admission of the note and indorsement as evidence; but the court, after proof of the execution, admitted the same. The defendant gave evidence tending to prove, that one Charles Ripley commenced a suit against the defendant, as trustee of the plaintiff, the first of May, 1841, and that, on the trial of the same, the defendant produced this note, with the indorsement on it, and notified the plaintiff, that he owned the note, and also, that he again, during the same month, gave the plaintiff a similar notice. The plaintiff gave evidence, tending to prove, that, at the trial on the said trustee process, in May, 1841, the defendant was interrogated as to his being the owner of the note, and that he refused to answer the questions put to him.

The plaintiff also introduced evidence tending to prove, that he assigned his book account against the defendant, on the tenth day of July, 1841, to one Zenas W. Keyes, and that he was the plaintiff in interest in this suit, and that about the time of this assignment, and before this action was commenced, Zenas W. Waters notified the defendant of the assignment of the account to himself, and that payment must be made to him, and that the defendant did not, at that time, object to paying the account to Zenas W. Keyes, and did not then notify said Zenas that he held the above mentioned note, or any other claim in offset to the account, except an account in his own name against Henry Keyes ; but there was no evidence, tending to prove, that the defendant ever promised to pay the account in suit to Zenas W. Keyes, nor that he ever notified him, until the time of the audit, that he was the owner of the note against Henry Keyes.

The plaintiff insisted, that the note could not be allowed in offset to the plaintiff's claim, for the reason that the defendant had not given notice to Zenas W. Keyes, that he held the note; but the offset was allowed by the court. Exceptions by plaintiff.

*N. Kinsman* for plaintiff.

1. The plea in offset was defective and ought not to have been received by the court below.

2. The indorsement of the note purported to have been made by Joseph Parker; whereas the note was made payable to Joseph Parker, Jr. For this reason the note should not have been received in evidence.

3. The indorsement was insufficient, in law, to transfer the payee's interest in the note to the defendant; it only constituted the defendant the agent of the payee, to receive payment upon the note. *Barker* v. *Prentiss,* 6 Mass. 430. *Rice* v. *Stearns et al.,* 3 Mass. 225. *Wilson* v. *Holmes,* 5 Mass. 443.

4. The notice from the defendant to the plaintiff, that the defendant was the owner of the note, was insufficient to entitle the defendant to offset the note against the plaintiff's judgment. *Mcghan* v. *Mills,* 9 Johns. 64.

5. The neglect of the defendant to notify Zenas W. Keyes, at the time he was informed of the assignment of the account to him, of his claim to offset the note against the account, must be considered a waiver of any such right of offset. *King* v. *Fowler et al.,* 16 Mass. 397. *Henry* v. *Brown,* 19 Johns. 49. *Rumrill* v. *Huntington,* 5 Day 163.

*Vail & Upham* for defendant.

1. The plea in offset was properly received by the court below. Rev. St. 212, § 1. If it is defective, the plaintiff should have demurred, or moved in arrest of judgment.

2. The defendant's right to plead the note in offset to the plaintiff's account accrued in May, previous to the transfer of the note to Zenas W. Keyes, and before the commencement of this suit; and that right was not affected by the transfer, nor was the defendant under obligation, at any time, to give notice to Zenas W. Keyes,

that he held the note as an offset against the account. The most the plaintiff could claim from the silence of the defendant as to the note, when notified of the assignment of the account, would be to draw from thence an inference against the truth of the defendant's plea in offset. *Vail* v. *Strong*, 10 Vt. 463. Of this the plaintiff had the benefit, by introducing it in evidence on the trial of the case. The county court found the facts against the plaintiff, and their decision in that respect cannot be revised on exceptions. *Strong* v. *Barnes*, 11 Vt. 224. *Cilley* v. *Cushman*, 12 Vt. 496. *Kirby* v. *Mayo*, 13 Vt. 103.

The opinion of the court was delivered by

ROYCE, J. The questions in this case arise upon the defendant's declaration in offset. He declared against the plaintiff as endorsee of a negotiable note, which the latter had given to one Joseph Parker, Jr., and the questions are,—1, Whether the declaration was such, in point of form, that the courts were justified in receiving it and acting upon it; 2, Whether the note was legally endorsed to the defendant; and 3, Whether the defendant gave the requisite notice, that he had become the owner and endorsee of the note, for the purpose of setting off the same in this action.

1. The declaration in offset is defective and very informal, at best, when considered under our statute and practice. It would doubtless have been adjudged bad on demurrer, and perhaps on a motion in arrest. But the plaintiff saw fit to plead the general issue to it, and did not move in arrest. Therefore, as it counts upon the note with sufficient certainty, no question as to its sufficiency in other respects is properly before this court.

2. The objection here involves a question of identity, as well as upon the legal sufficiency of the endorsement. The first is answered by the case itself, which finds the payee and endorser to have been the same person. And we regard the second as being equally free from doubt. The note was negotiated directly from Parker to the defendants, and the terms of the endorsement were clearly sufficient, as between them, to transfer the legal property and right of action. Nor are we at liberty, in the absence of farther proof, to pronounce the transaction a mere agency, to enable the defendant to receive payment for Parker.

3. The case expressly states, that long before the commencement of the action, and before the assingment of the book account by the plaintiff to Zenas W. Keyes, the defendant produced the note in the plaintiff's presence, with the endorsement upon it, and, upon another occasion, notified him that he owned it. This was ample and sufficient notice, so far as the plaintiff was concerned. And we think, that, as the right to claim the offset had thus become perfected under the statute, no subsequent arrangement between the plaintiff and a third person could impose upon the defendant the necessity of taking farther measures, in order to keep his right good. Indeed, according to the first ground of decision in *Parker* v. *Kendall*, 3 Vt. 540, notice to Zenas W. Keyes could neither be required, nor be of any avail, if given. But it appears, that, when the defendant was notified by Zenas W. Keyes of the assignment of the book account, he made no express objections against paying the account, to him, and did not claim to have any counter demand, except a book account in his own favor against the plaintiff. This is urged as a waiver of the right to claim an offset of the note. The case states, however, that he made no promise to pay the account to the assignee, as in *Gould* v. *Chase*, 16 Johns. 226 ; he was merely silent in reference to the note. Nor was he notified of an *intended* purchase of the account, as in *King* v. *Foster et al.*, 16 Mass. 397. It is a familiar principle, to be sure, that, if a party, by his declarations, (or by his silence, according to the case last cited,) knowingly induces another to act in a matter affecting his interest, he shall be bound by the inference, which that other had a right to draw. But the assignee, in this instance, cannot be said to have acted in reliance upon the defendant's declarations, or his silence ; because the assignment had already taken place. Neither do we consider, that the defendant's mention of his account alone, when notified of the assignment, should, under the circumstances, be held a waiver, or exclusion, of the right now asserted. So far as I am advised, the maxim—*expressio unius exclusio est alterius*—is never made the basis of a legal and conclusive presumption, except in the construction of statutes and written instruments. The result is, that in our opinion the conduct and declarations of the defendant upon the occasion mentioned, as also when he previously refused to be interro-

gated, in the course of a certain trustee suit, as to his interest in the note, were mere matters of evidence, to be weighed in reference to the purpose and intended effect of the endorsement. We think they could have no other operation to affect the validity of the endorsement, or the legal right to claim the offset. And, as evidence, they were no doubt properly considered.

Judgment of county court affirmed.