## Case No. 16,083.

UNITED STATES v. PRENTICE et al.

[6 McLean, 65.] [1]

Circuit Court, D. Illinois. Oct. Term, 1853.

UNITED STATES MARSHALS — SUIT ON OFFICIAL BOND—RIGHT OF SET OFF—LIMITATION OF ACTIONS.

1. In a suit brought by the United States against the marshal and his sureties, on his bond for the recovery of moneys collected in divers executions, issued at the suit of the United States, the defendants attempted to set off the items of an account, contained in a treasury transcript, which had been disallowed; but which transcript reserved a balance due the government, over and above such items, without including any of the moneys claimed in this

[1] [Reported by Hon. John McLean, Circuit Justice.]

suit. It was held that the set off could not be allowed.

2. It makes no difference that the marshal might be able to plead the statute of limitation to a suit brought for such balance.

3. When a debtor has a set off equally applicable to the demands against him, the court will apply it according to the equity between the parties.

4. Besides, the marshal had presented this account to meet another claim of the government not included in this suit.

5. The statute of the state can have no influence on this question; it depends upon the act of congress.

6. There is no law of congress regulating set off in suits against officers; but several statutes imply that set off may be allowed.

At law.

Mr. Williams, U. S. Dist. Atty.

Lincoln & Logan, for defendant.

DRUMMOND, District Judge. This is an action brought by the plaintiffs against [William] Prentice and his sureties for the recovery of moneys which the former had received upon sundry executions in favor of the United States, and which had come to his hands as marshal. The declaration only counts upon breaches of the bond, because the marshal has collected money which he never paid over. After the plaintiffs had introduced the various executions which are mentioned in the declaration, with the endorsements made on them by the marshal, the defendants offered an account of the items which they claimed as a set off in this suit, amounting to the sum of fourteen hundred dollars, and then offered a transcript from the treasury department, to show that the items claimed as a set off were disallowed. The defendants insisted it was competent evidence for that purpose. By agreement, the whole transcript was admitted subject to the opinion of the court upon the effect to be given to it. The transcript shows a balance of more than $2,000 against the marshal, so that if the $1,400 were allowed as a set off in this case, there would still be, according to the transcript, a balance of more than $600 due the government.

I am of the opinion that the account cannot be allowed as a set off, in this case. The government has not seen fit to sue the marshal on the account which contains these disallowed items, but has brought suit for money collected on divers executions. The government can properly object to this account in this suit, because it was presented by the marshal as a charge against the government, in another claim with which the subject matter of this suit has no concern. The defendants insist upon the set off here; because to the other claim, if suit is brought, they purpose pleading the statute of limitation. But this ground will not help them in this case. It would seem to be inequitable to suffer the defendants to avail themselves of an account which shows that so far from there being any set off for claims against the government, there is a

balance against the marshal, independent of the amount in controversy here. Where a debtor has a set off equally applicable to two demands against him, he cannot select on which of the demands he will apply it; but the court will apply it according to the equity between the parties. See Tallmadge v. Fishkill Iron Co., 4 Barb. 392, which was a suit in equity, and which cites Collins v. Allen, 12 Wend. 356, which was a suit at law, where a party had two claims—a note and an account—against a man, and transferred the note overdue, he holding claims against the man sufficient to meet a set off which was attempted to be put in in a suit on the transferred note. It was held it was not a good set off, in that suit. But here there is great reason for saying that the marshal himself elected to apply the account offered, as a set off to another claim of the government against him, different from the one in suit here. And it would be manifestly unjust to allow him now to withdraw this account from that claim because it may be barred by the 4th section of the act of April 10, 1806 [2 Stat. 374].

The statute of the state can have no influence on this question. It is something which depends entirely upon the acts of congress. No state law can affect the question of set off, in suits by the government against its officers, because the rule on the subject must be uniform throughout the United States. U. S. v. Robeson, 9 Pet. [34 U. S.] 323. The courts have frequently allowed claims as set off against the government, which were not strictly legal, provided they were due ex equo et bono. U. S. v. McDaniel, 7 Pet. [32 U. S.] 1.

It is to be regretted that there is no act of congress regulating set off in suits brought by the government. There are, however, various acts, such as the 3d and 4th sections of the act of March 3, 1797 (1 Stat. 514), and others—which imply that set off may be allowed.

Being of opinion that the defendants are not equitably entitled to the set off they claim, the judgment must be for the plaintiffs.