HATHORNE, *plaintiff in error, vs* CATE.

If in *assumpsit* the defendant files his account in offset, in consequence of which the plaintiff's damages are reduced below twenty dollars, the plaintiff is still entitled to full costs; this case not being within the intent of *Stat.* 1821, *ch.* 59. *sec.* 30.

IN an action of *indebitatus assumpsit* between these parties, the original plaintiff, now defendant in error, sued for $2262,77, being the amount of sundries charged in his account annexed to the writ, during a period of about two years. The original defendant filed his account in offset, pursuant to the statute, claiming an allowance of $2347,46. The accounts having been sent to an auditor, he reported a balance of $15,50 due to the original plaintiff; for which sum the defendant consented to a judgment by default, saving his right to be heard in the taxation of costs, in the same manner as if the balance had been found by the jury; and insisted that the plaintiff should

take no more than one quarter as much in costs as he had in damages, pursuant to *Stat.* 1821, *ch.* 59, *sec.* 30, the judgment being for less than twenty dollars. And the court below having allowed full costs, the defendant brought this writ of error to reverse the judgment.

*Allen,* for the plaintiff in error, relied on the express provision of the statute, that in all personal actions, where judgment shall be rendered for less than twenty dollars debt or damage, the plaintiff shall recover no more costs than one quarter part of the debt or damage so recovered. The only exception is in favor of judgments on reports of referees, and this being an express exception, necessarily excludes all implication.

The *Stat.* 1786, *ch.* 52, allowed full costs, in similar cases, only where, in the opinion of the court, the plaintiff had a reasonable expectation of recovering more than £4. Appeals to the discretion of the court, under this provision, having become very frequent and troublesome, the *Stat.* 1807, *ch.* 123, was passed, from which our statute is copied. The statute of 1807 was not to affect any actions commenced on or before *June* 1, 1808. The practice of allowing full costs under this exception might have continued for some years, in actions then pending ; and this was probably what the court had in view in *Barnard v. Curtis* 8. *Mass.* 535. If not, there can be but little weight attached to that case, the opinion on this point being altogether extrajudicial, without argument, or reasons assigned. And it is overruled by *Godfrey v. Godfrey* 1. *Pick.* 236, in which the court consider the language of the statute as imperative and universal.

But if the language of the law afforded room for the exception claimed in this case, reason and sound policy forbid it ; since it tends to encourage remissness in the keeping of accounts ; and exposes the debtor to an excessive burthen in cost, when the dispute is peculiarly within the jurisdiction of the petty tribunals.

*Sheppard,* for the defendant in error, adverted to the practice under the last statute of Massachusetts, to allow full costs to the party prevailing, in all cases of mutual accounts ; and argued that where

Barter *v.* Martin.

any statute of that State, existing before the separation, has been adopted here, having already received a judicial construction, it was to be presumed that our legislature intended to adopt the construction, together with the statute.   *Ellis v. Page* 1. *Pick.* 45.

THE COURT observed that the uniform practice under the statute of 1807, prior to the separation of Maine, had been to allow full costs in cases like the present; and that our legislature, as had been often decided, in adopting the statute, undoubtedly intended to adopt its well known and received construction.   It is for the interest of the State that these minor questions, after they have been once, in any manner, judicially settled, should not again be disturbed.   But there is an obvious reason for considering the cases of counter demands as not within the meaning of the statute, since they present the anomaly of a judgment in favor of the defendant for the balance of his account in damages, although it is the plaintiff that sues.

<div align="right">

*Judgment affirmed, with costs.*