## SHIRLEY vs. TODD.

In an action by the indorsee of a dishonored bill or draft, against the acceptor, the declarations of the indorser, made while the interest was in him, are admissible in evidence for the defendant.

In such action *it seems*, the defendant may avail himself of his demands against the indorser, accruing prior to the transfer of the bill, by filing them in offset under *Stat.* 1821, *ch.* 59, *sec.* 19, so far as may be material to his defence.

THIS was an action of *assumpsit* by *Mason Shirley*, the indorsee of an order or bill of exchange drawn *Sept.* 18, 1826, by one *Lesner*, on the defendant, in favor of one *Moses Shirley*, accepted generally by the defendant, and indorsed by the payee to the plaintiff. No time of payment was mentioned. At the trial before *Whitman C. J.* in the Court below, it appeared that the order was not indorsed to the plaintiff till *September* 1829 ; previous to which time it had been held by the payee. The defendant offered to show, in bar of the action, his book account, existing at the time the order was drawn, against *Moses Shirley* the payee, in which the order was placed to his credit ; a balance of forty or fifty dollars still remaining on the book, due from him to the defendant. He also offered to prove the declarations of *Moses Shirley*, made at the time of drawing the order, that he wished it drawn on *Todd* to whom he was indebted. This evidence was objected to by the plaintiff, but the Judge admitted it. It also appeared that the defendant owed *Lesner* the amount of the draft, at the time it was accepted. The Judge instructed the jury that the evidence, if believed by them, constituted a bar to this action ; and they found for the defendant. Whereupon the plaintiff filed a bill of exceptions.

*Chandler*, for the plaintiff, objected to the admissibility of the book account as a defence against the bill ; first, because it was not filed in offset, as the statute in such cases requires ; and secondly, because it was not within the reason of the rule which allows the maker to set up against the indorsee of a dishonored note or bill,

any equitable defence he might make against it in the hands of the original payee ; this rule applying only to demands connected with the original transaction.    But in the case at bar the demand set up in defence is a distinct matter, existing long before the creation of the bill.    *Ayer v. Hutchins*, 4 *Mass.* 371 ; *Thurston v. McKown*, 6 *Mass.* 428 ; *Holland v. Makepeace*, 8 *Mass.* 418 , *Tucker v. Smith*, 4 *Greenl.* 415 ; *Knapp v. Lee*, 3 *Pick.* 453 ; *Sargent v. Southgate*, 5 *Pick.* 312 ; *Grew v. Burditt*, 9 *Pick.* 265.

*Downes*, for the defendant, cited *Peabody v. Peters*, 5 *Pick.* 3 ; *Crocker v. Leach*, 10 *Mass.* 52.

WESTON J. delivered the opinion of the Court.

We are satisfied that the declarations of *Moses Shirley*, the payee of the order, while the interest was in him, are admissible in evidence.    No time ' was limited in the order, within which it was to be paid.    It was then payable presently ; and not being indorsed until three years after its date, the defendant is entitled to the same defence, as against the original payee.    *Ayer v. Hutchins*, 4 *Mass.* 371.    To him the plaintiff has succeeded, and by his admissions, while he was the holder, the plaintiff is bound.    *Peabody v. Peters*, 5 *Pick.* 3, and *Sergeant v. Southgate*, 5 *Pick.* 312, were actions upon negotiable notes, brought by the plaintiffs as indorsees ; but in both the declarations of the payees before the indorsment, were received.    Before this order was indorsed, the defendant was not indebted to the holder, he having demands against the payee, by which it was overbalanced.    Neither then is he indebted to the plaintiff, against whom he has the same defence.    But it is insisted that in order to avail himself of it, he should have filed his account in offset.    In *Holland v. Makepeace*, 8 *Mass.* 418, *Sedgwick J.* by whom the opinion of the court was delivered, was of opinion that an account could be filed only between the original parties.    And this seems to be taken for granted in *Peabody v. Peters*.    But in the latter case, *Parker C. J.* maintains, with great strength of reasoning, that if such be the law, the defendant may avail himself of his offset, without filing it.    There might be great

convenience in giving notice of offset, according to the English practice; but it is not required to be done before the entry of the action. In the subsequent case of *Sergent v. Southgate,* the learned Chief Justice reviews the authorities upon this question, in connexion with the law merchant, and arrives at the conclusion that an account may be filed in offset against the indorsee of a dishonored note or bill, he standing in the place of the original party. Whether the former or the latter opinion best accords with the law, we are relieved from the necessity of deciding; for such a connexion is shown between the order and the account, as proves satisfactorily, that the one was to go in payment of the other. And where this is made to appear, no account in offset is necessary; as has been repeatedly decided. The order was drawn to pay the account. And this must have the same effect, as if the articles charged in the account, were subsequently delivered to pay the order. There can be no difference in law or justice. The exceptions are overruled, and the                    *Judgment affirmed.*