COLLINS & WINSLOW *vs.* ALLEN.

> Where a note *overdue* is transferred, the maker is not entitled to *set off* a demand against the payee, if, at the time of the transfer, the payee has other demands against the maker to an amount sufficient to exhaust the demands sought to be set off.

> Where two notes are held against a party who has a demand sufficient in amount to extinguish one of the notes, but not both; and one of the notes is transferred after due, leaving the other in the hands of the payee to an amount sufficient to meet the demands of the maker, and subsequently the second note is transferred, *it seems*, that the demands of the maker cannot be set-off against the note *firstly* transferred, but must be set off against that which is *last* transferred.

THIS was an action of *assumpsit* tried at the Monroe circuit in April, 1832, before the Hon. ADDISON GARDINER, one of the circuit judges.

The plaintiffs declared on a promissory note for $55, given by the defendant, bearing date 20th September, 1831, payable one day after date, to *David Williams* or bearer, which was transferred by the payee to the plaintiffs. The note was *transferred on the 24th October*, 1831. The defendant, in pursuance of a notice accompanying his plea, gave in evidence a note for $75, given by *Williams*, the payee of the note declared on, bearing date 12th June, 1831, payable to D. Tanner or bearer on the first of October then next, which was *transferred on the 10th October*, 1831, by Tanner to the defendant. *Williams*, the payee of the first note, testified that on the 24th October, 1831, the defendant owed him upwards of $150 for work done, in drawing stone for the building of the Baptist college at Brockport; that the contract for the work was entered into by him with the defendant, who, he understood, was one of a committee, called the building committee of the College, and that D. Collins and D. Freeman were associated with the defnedant as members of that committee; that the defendant told him that Collins and Freeman were not willing to allow the price which he had engaged to pay the witness, but that if he would go on and finish the contract he should be paid the price stipulated: that in March, 1832, he settled

with the defendant, and received his notes for a balance of about $150 ; the notes were signed by the defendant as agent for the college or the building committe, but he, the witness, knew no one in the contract except the defendant. The plaintiffs objected to the proof of the defendant's acting as the agent of the college, unless it was shown that the college was an incorporated institution, and that the defendant was its authorized agent. It was proved that the defendant was the authorized agent of the college, but its incorporation was not shown. The judge ruled, inasmuch as *Williams,* at the time of the transfer of the note for $75 to the defendant, had a demand against the defendant for the drawing of the stone to an amount exceeding $75, the note *purchased* by the defendant could not be admitted as a set-off against the note *made* by him, but must be left to be applied as a set-off against the account of *Williams* for the work done by him. The jury accordingly found a verdict for the plaintiffs for the amount of the note declared on. The defendant applied for a new trial.

*C. P. Kirkland,* for the defendant. The note of the defendant having been transferred after it became due, the defendant had a right to set-off, to the amount of the plaintiffs' demand, the note of *Williams,* purchased by the defendant previous to the transfer to the plaintiffs of the note declared on. The case is directly within the statute. 2 R. S. 354, § 18, subd. 9. Admitting that *Williams* had *another demand* to an amount sufficient to exhaust the note relied on as a set-off, the defendant was not obliged to wait until payment of such demand was sought, but might insist upon his right of *set-off* against the first demand presented. The plaintiffs having become the holders of the note declared on, when it was overdue, stand in the place of the payee, and cannot object to the set-off. Suppose the demands of Williams had consisted of two notes, instead of a note and an account, and such notes had been transferred to different persons, against which would the defendant have had a right to set off the note purchased by him ? The equities of the holders would be equal, and if the defendant is not permitted to set off his note in this case, he

UTICA,
July, 1834.

Collins
v.
Allen.

would have no right in the case supposed, to a set-off against either note. He could not know which had the better equity.

*M. T. Reynolds,* for the plaintiff. The principle upon which a set-off is allowed against a note overdue in the hands of a purchaser is, that the party transferring has not the power to compel the maker to *pay* the note, when in fact it is already satisfied. While, therefore, the payee of the note retains in his hands demands against the maker to an amount equal, or more than enough to satisfy any demands which the maker may have against him, the maker cannot equitably ask to be permitted to set off his demands against a note which has been transferred to a third person. He has no right of election as to which demand he will satisfy by his set-off, and which he will discharge by advancing money. The direction belongs to the holder of the securities; if he chooses to transfer one note and retain another, he has a right to do so, and the party to whom the note is transferred has an equitable claim to. be protected in his purchase, so long as sufficient demands remain in the hands of the creditor to satisfy any claims which may be made by the debtor.

*By the Court,* NELSON, J. The verdict in this case was right. The defendant was *individually* responsible for the demand of *Williams* under the contract for drawing stone, and that being to an amount more than sufficient for the purpose, *exhausted* the note transferred to the defendant by *Tanner.*

Although the defendant entered into the contract for the drawing of the stone as one of the building committee of the Baptist College, he was *individually* liable, unless he showed such an authority to contract as would bind his principals. 13 Johns. R. 307. No such authority was shown. It did not even appear that the body alleged to be his principals had a legal existence, or if they had such existence, that it was competent to them to appoint an agent, and that they would be bound by his acts. Besides, by the admission of the defendant, it seems, that he made the contract with Williams without the assent of his associates, and that they expressly refused to bind their principals. Most clearly, then, the col-

lege would not have been responsible to Williams, and of course the defendant is liable.

It was asked by the counsel for the defendant, if Williams, instead of having a note and an account against the defendant, had held two notes, and after having transferred one of them should transfer the other, against which would the note purchased by the defendant be a set-off, under the provisions of the statute? The answer is, it would be a set-off against the *note last transferred.* The defendant, in such a case, should not be permitted to insist upon his set-off against the note *first* transferred, because, when *it* passed into the hands of a third person, the equities of the maker to set off his demands against the payee would be met and overthrown, by the fact that the assignor still held demands against him to an amount sufficient to exhaust his set-off; and upon the question of who has the better equity, there can be no doubt that the claims of the purchaser of the note for a valuable consideration would be preferred to those of the maker. These considerations would not apply to the case of the second assignee.