Oldham *vs.* Wallace.

The case was argued here, by *W. & E. Cummins,* for the plaintiff in error, and by *Hempstead & Johnson,* contra, who cited 1 *Bla. Rep.* 506; *Backus on Sheriffs,* 60.

---

OLDHAM *vs.* WALLACE.

In a suit on an assigned note, by *assignee* against *maker,* the maker may set off any demand due him, by the *assignor,* before and at the time of the assignment.

THIS was an action of debt, determined in the Washington Circuit Court, in May, 1842, before the Hon. JOSEPH M. HOGE, one of the circuit judges. Leonard W. Wallace sued Oldham, on a bond, executed by him, October 7, 1840, to Willis S. Wallace, payable one day after date, for $264 80, with interest at ten per cent. from due until paid, and endorsed by the obligee to the plaintiff. The decla-

ration negatived the payment of any part of principal or interest, to the assignee, before assignment, or to the plaintiff, thereafter.

The defendant pleaded, in set-off, that Willis S. Wallace was indebted to him, before and at the time of the endorsement of the bond, and before and at the commencement of the suit, to wit: on the 7th of October, 1840, for money lent, &c., interest and account stated. Demurrer to this plea was sustained, and judgment for the plaintiff, on the demurrer.

There is a bill of exceptions copied, stating certain evidence given *at the trial*, and that a motion for a new trial was overruled. The bill is no part of the record. The defendant appealed.

*Trapnall & Cocke*, for the appellant.

*Pike & Baldwin*, contra. The statute of set-off allows it only where the plaintiff and defendant are mutually indebted; and gives the defendant right to a judgment, where any balance is found due from the plaintiff to him. *Rev. Stat.* 726.

The statute of assignments provides that "nothing in this act contained shall change the nature of the defence, or prevent the allowance of discounts, or off-sets, either in law or equity, that any defendant may have against the original assignor previous to the assignment, or against the plaintiff or assignee after the assignment." *Rev. St.* 107.

The chapter on set-off was passed *subsequently* to the chapter on assignments.

The provision quoted from the chapter on assignments, is merely *negative*. It does not *extend* the defence of set-off, but leaves it as it existed before.

It is clear that without some express statutory provision, a demand against the payee of a negotiable note or bond, transferred before maturity, for valuable consideration, could not be set-off. *Smith vs. Van Loan*, 16 *Wend.* 659; *Prior vs. Jacocks*, 1 *J. Cas.* 169; *Holland vs. Makepiece*, 8 *Mass.* 418; *Wake vs. Tinkler*, 16 *East.* 36; *Wheeler vs. Raymond*, 5 *Cowen*, 281; *Bridge vs. Johnson*, 5 *Wend.* 342.

When a note has been assigned, when *overdue*, such a set-off might be allowed; though that seems doubtful. The declaration in this case

shows that the bond was assigned on the day of its date. In such case, at common law, and independent of any statute, no such off-set was allowable. *Wheeler vs. Raymond,* 5 *Cowen,* 231; 18 *Maine,* 179; *Raymond vs. Wheeler,* 9 *Cowen,* 295; *Sargent vs. Southgate,* 5 *Pick.* 312; *Clark vs. Leach,* 10 *Mass.* 51; *Humphreys vs. Blight's Assignees,* 4 *Dal.* 370; *Stedman vs. Gibson,* 10 *Conn.* 55; *Robinson vs. Lyman,* 10 *Conn.* 30.

The only effect of our statute is, therefore, to allow the defendant to set off the same matters which he might have set off before the passage of these statutes. The law stands, in this respect, as it did heretofore. *Small vs. Strong,* 2 *Ark.* 198.

The plea in this case also shows that the indebtedness set up in the plea of set-off, existed *when the bond was executed.* It would open a wide door for fraud, to admit such a defence in case of negotiable paper.

*By the Court,* DICKINSON, J. The statute (*sec.* 3, *ch.* 11) of assignments expressly declares, that nothing in the act authorizing assignments, "shall change the nature of the defence, or prevent the allowance of discounts or off-sets, either in law or equity, that any defendant may have against the original assignor, previous to the assignment, or against the plaintiff or assignee after the assignment.

The defendant below, in his plea of off-set, expressly avers the indebtedness of the assignor to him, " before and at the time of the endorsement of the said writing obligatory," and certainly brings himself within both the letter and spirit of the statute. The plea is in all respects sufficiently formal, and, in our opinion, the court erred in sustaining the demurrer to this plea.

Judgment reversed.