## SAMPLE *v.* LAMB.

In a suit upon a promissory note by the assignee against the maker, the latter may plead, under the R. S. 1843, by way of set-off, an individual account which he had against any assignor prior to notice of the assignment.

Where the account against the assignor is larger than the amount of the note, the plaintiff cannot, by releasing the assignor from liability upon the assignment, render him a competent witness.

APPEAL from the *St. Joseph* Circuit Court.

PERKINS, J.—*Andrew R. Sample* brought an action, before a justice of the peace, against *George W. Lamb*, on a promissory note for 92 dollars and 71 cents, given by *Lamb* to *Gilmore* and *Kaufman*, and by them assigned to said *Sample*. The cause went by appeal into the Circuit Court. The defendant pleaded as follows: That the plaintiff ought not to maintain his suit, because the said promissory note, on the 6th of *November*, 1849, was duly assigned by the plaintiff, *Sample*, to *Jacob Kaufman*, who continued to be the assignee and owner of said note until the 27th day of said month; and that said *Kaufman*, during the time he was so assignee of said note, was indebted to the said defendant, and still is, on an open account for work and labor, &c., in the sum of 300 dollars; that on the 17th of said *November*, said *Kaufman* sued this defendant, *Lamb*, before, &c., on said note, and said *Lamb*, in that suit, pleaded this said account as a set-off, whereupon said *Kaufman* dismissed his said suit, and said *Sample* afterwards took back said note, striking out his assignment to said *Kaufman;* and said defendant now offers said account again as a set-off in this suit.

Accompanying the plea was a bill of particulars amounting to 236 dollars and 14 cents. To this plea, *Sample*, the plaintiff, replied, that *Kaufman* did not owe said *Lamb* the account in his plea mentioned; that the same had been settled by and with an account of said *Kaufman* against said *Lamb*, &c., and he filed an account of *Kaufman* against *Lamb*, amounting to some 50 dollars.

On the trial, after *Lamb*, the defendant, had proved his account as a set-off, *Sample*, the plaintiff, having released said *Jacob Kaufman* from liability to him on said note as a joint assignor of the same with *Gilmore*, offered to prove by said *Kaufman* that the account against him proposed to be set off in this suit by said *Lamb*, had been settled and paid; but the Court refused to permit the witness to testify to such fact. This is the error complained of. In our statute, making bills and notes assignable, is this provision:

Nov. Term,
1851.

SAMPLE
v.
LAMB.

*Thursday,
December 4.*

"Such maker, drawer, or obligor may set up and show any just matter of payment, set-off, or other defense in his favor, as against the plaintiff in such action; and also all just matters of payment, set-off, or other defense which he had, as against any assignor, before notice of the assignment thereof by such assignor, and which he might have set up and shown, had an action been brought against him on such note, bill, bond, or other instrument by such assignor." R. S. p. 577, s. 9.

According to this section, *Jacob Kaufman* having been the owner, by assignment, of the note in suit, and *Lamb*, the maker thereof, having had, while said *Kaufman* was so owner, an account against him which might have been set off, had he sued, it could also be set off as against any other person, subsequently procuring the note from said *Kaufman*. *Sample* did subsequently procure it, and the account could be set off as against him. This account, then, being a legal set-off in this case, and being put in and relied on as such, should the plaintiff below obtain judgment for any amount on the note and account filed by him, the judgment would involve a determination upon the validity of the account against *Kaufman*, and bar any other suit upon it; and as said latter account is larger than the amount of the note and account filed by the plaintiff together, it is very easy to see that *Kaufman* was interested in swearing it off and having the plaintiff obtain judgment; thus relieving himself from liability to *Lamb* on any part of said account against him.

*Kaufman* had, therefore, a legal interest in the event of the suit, and was properly excluded from being a witness to the matter as to which he was offered.

*Per Curiam.*—The judgment is affirmed with costs.

*J. L. Jernegan*, for the appellant.