T. H. McMahan & Co. v. Paul Bremond.

Where the maker of a negotiable promissory note is sued by an indorsee, and
pleads that the note was indorsed after maturity, and pleads a claim against
the payee as a set-off, or discount, and the evidence as to the date of the in-
dorsement is contradictory, it is error to exclude evidence of the account:
the evidence should be allowed to go to the jury, with instructions as to the
effect of a *bona fide* assignment or transfer of the note to the plaintiff before
its maturity.

Appeal from Fort Bend.    Tried before the Hon. Robert J.
Townes.

Bremond sued T. H. McMahon & Co. upon a note made by
them May 1, 1851, and payable ten days after date to A. W.
Stewart, or bearer, for $175.

Plea, that the note was given to the firm of Harrison &
Stewart, (composed of G. H. Harrison and the payee of the
note,) for a house and lot in Richmond ; that at and after the
maturity of the note it belonged to said Harrison & Stewart ;
that after its maturity said Harrison and Stewart became in-
debted to defendants in the sum of $1300 ; that the note was
transferred to plaintiff after its maturity, and with the intent
to defraud defendants and deprive them of their set-off against
it, and that Harrison & Stewart were insolvent.

Verdict and judgment for plaintiff ; defendant's motion for
new trial overruled, and this appeal.

A. F. Lutz, a witness for defendants, testified that the note
was given for a house and lot in Richmond, purchased from
Harrison & Stewart ; that after the execution of the note, and
about that time, Stewart went to Columbia and returned in
about ten or twelve days to Richmond ; that the note matured
during his absence, and witness presented it for payment ;
that after Stewart's return, witness handed him the note to

present for payment, which he did ; that Stewart seemed very anxious about its collection and disappointed at its non-payment. On cross-examination, witness stated that he was the agent of plaintiff in Richmond ; that before the maturity of the note sued on, he received it in a letter or package from Houston from plaintiff ; that when Stewart returned from Columbia, he requested witness to present the note to defendants one morning before breakfast, which witness refused to do, and told Stewart that if he wanted it presented before breakfast, he might do it himself ; whereupon Stewart took the note and presented it ; that at that time Stewart was about to start to Houston, and witness gave him this note and what money he had collected to take with him to plaintiff. On re-examination witness stated, that he did not know when or how the note was transferred ; that he had it in his possession, as the agent of plaintiff, before its maturity ; that he did not know whether plaintiff gave any consideration for it ; (that Harrison & Stewart were insolvent ;) that witness was not the agent of Harrison & Stewart, in Richmond.

J. A. Jones, witness for defendant, testified that at the time the note was made, he was the clerk of Harrison & Stewart ; that shortly after the note was taken, Stewart went to Columbia, and was absent several days ; witness saw the note in the desk of Harrison & Stewart after it was taken ; after Stewart's return from Columbia, he seemed very anxious about the collection of the note, and presented it for payment himself one morning before breakfast.

M. M. Battle, witness for defendants, testified that Stewart boarded with him, at the time, in Richmond ; that after his return from Columbia he seemed very anxious about the payment of the note ; complained that defendants refused to pay it, and said that he wanted the money very much to defray his expenses to the North, whither he was going in a short time.

The defendants then offered to prove their account against Harrison & Stewart ; but the Court refused to permit them to

do so, and they excepted. The petition alleged that the plaintiff resided in Harris county at the commencement of the suit.

*J. B. & G. A. Jones*, for appellant.

*J. H. Robson*, for appellee.

WHEELER, J. It is true, that, when the contrary does not appear, the presumption will be, that a note which has been negotiated, was transferred before its maturity. But the defendants proposed to rebut that presumption in this case, by proof to the contrary. The evidence upon the point was conflicting and unsatisfactory ; rendering the question one proper to be left to the decision of the jury. The witness Lutz stated that he received the note in a letter, or package, addressed to him by the plaintiff, from Houston, before its maturity ; from which the inference would be, that it must have been transferred to the plaintiff before that time. But the witness states other matters which throw doubt on the accuracy of his statement. The testimony also of Jones and Battle goes strongly to repel the supposition that there had been any actual transfer of the note to the plaintiff. The note matured ten days after date. Shortly after it was made, Stewart went to Columbia, and did not return until after its maturity. It was seen in his desk at Richmond, by his Clerk, Jones ; which must have been before it came into the hands of the witness Lutz ; and yet it was sent to the latter from Houston, before it matured, and was presented by him for payment at its maturity. On the return of Stewart, it was again presented by him for payment ; and not being paid, was left in his hands to be delivered, or, as the witness, Lutz, says, was sent by him to the plaintiff at Houston. If the witness was acting in the matter solely as the agent of the plaintiff, and had cause to believe that the note really belonged to the plaintiff, it is not perceived why he should have conferred with Stewart about its present-

ation and payment ; or, if it had been really transferred to the plaintiff, why Stewart should have manifested so much concern to obtain its prompt payment. It is not pretended that he apprehended that the defendants would be unable to pay, and the plaintiff would have recourse upon him. His own insolvency, it would seem, must have relieved him from any such apprehension. The conduct of the witness Lutz, does not very well accord with the supposition, that he really believed the note was, *bona fide*, the property of the plaintiff. His giving it to Stewart to be presented, and its presentation by him for payment, after its maturity, was well calculated, at least, to lead the defendants to suppose that the latter was still the owner of the note. In fine, the purpose for which Stewart said he wanted the money, is quite inconsistent with the supposition that there had been any actual transfer of the property in the note ; and there is reason to believe that the witness, Lutz, was mistaken in his statement. At all events, the Court should have left the question to the decision of the jury ; instead of assuming the fact as established, that the note was transferred before maturity, and thereupon excluding the defendant's evidence of a set-off. But the evidence having been excluded, the jury could not do otherwise than return a verdict for the plaintiff, though they may have been satisfied that the note was not the property of the plaintiff before its maturity. To exclude the defendants' evidence, was virtually to decide the issue of fact, as to the time of the transfer of the note, against the defendants. In effect it was to decide the whole issue against them, without giving them the benefit of a decision of the fact by the jury. This was error. The evidence should have been allowed to go to the jury, with instructions as to the effect of a *bona fide* assignment, or transfer of the note to the plaintiff before its maturity. The judgment is reversed and the cause remanded.

Reversed and remanded.