HENRY ROOT, Plaintiff in ERROR, *v.* JAMES S. IRWIN, Defendant in Error.

ERROR TO BROWN.

In an action by a third indorsee against the maker of a note, the defendant cannot plead a set-off against one of the intermediate indorsers.

THIS was an action of assumpsit, brought by the plaintiff in error against the defendant in error, in the circuit court of Brown county.

The declaration contains two counts. The first special, and is in the usual form. On a promissory note, given June 21st, 1852, by the defendant, to one Pencake, for $300, payable on or before the 17th of April, 1853, with ten per cent. interest thereon from the 17th of April, 1852; and by said Pencake afterward assigned to one Twombly, and by said Twombly afterward assigned to one Newby, and by said Newby afterward assigned to the plaintiff.

The second count embraces the usual money counts, and the count upon an account stated.

The defendant filed several pleas, upon which issues of fact were taken. And, also, by leave of the court, a plea, numbered three, of set-off, which is in substance as follows, to wit:

That the note in the first count of the declaration mentioned, was indorsed to said Newby long after it became due and payable, and that after the same had been so indorsed, and before the defendant had any notice of the indorsement of the same to the plaintiff, the said Newby became indebted to the defendant in a large sum of money, on a promissory note, for $647.02, given by him to T. G. Stewart & Sons, June 24th, 1853, and payable four months after date; and which, before any payment was made thereon, and before the defendant had any notice of the indorsement of the note in the first count of the declaration mentioned, to the plaintiff, was indorsed to the defendant, who, from thenceforward to the commencement of the suit, was the owner thereof; and that said Newby, at the commencement of the suit, was indebted to him the amount thereof. That the amount due on said note exceeds the damages sustained by plaintiff by reason of the non-performance by the defendant of the several promises made by him in the declaration mentioned; and that defendant is willing, and offers to set off so much of said amount against said damages as may be sufficient to satisfy the same.

To said plea of set-off, the plaintiff below filed a replication, which is, in substance, as follows:

That said note in said plea mentioned was not indorsed to

the defendant before, nor at the time, said Newby indorsed said note in the first count of the declaration mentioned, to the plaintiff, and tendered issue to the country.

The defendant filed a general demurrer to said replication, in which the plaintiff joined.

Whereupon, on argument, the court sustained said demurrer to said replication, and rendered final judgment against the plaintiff for costs of suit.

The plaintiff assigns for error :

The sustaining of said demurrer to said replication.

The not carrying back and sustaining to said plea, said demurrer to the replication to said plea.

The not sustaining said demurrer to said plea.

The rendering of judgment in favor of the defendant.

WHEAT and GROVER, for Plaintiff in Error

J. GRIMSHAW, for Defendant in Error.

CATON, J. On the 21st of June, 1852, Irwin made his promissory note, payable to one Pencake, on the 17th of April, 1853. Pencake indorsed the note to Twombly, and Twombly indorsed it to Newby, who indorsed it to the plaintiff below. The plea is that the note was indorsed to Newby after it became due, and that after said indorsement, and before the maker had notice of the indorsement to the plaintiff below, Newby became indebted to the maker, on a promissory note given to one Stewart, by whom it was indorsed to Irwin, which he offers to set off, etc. To this the plaintiff below replied, that the note made by Newby was not indorsed to Irwin before, nor at the time, that this note was indorsed to the plaintiff. To this replication a demurrer was sustained, and judgment rendered in bar of the action. The sustaining the demurrer to the replication, and not carrying it back and sustaining it to the plea, are assigned for error. The errors are well assigned. The plea is bad. The claim against Newby was not a proper subject of set-off in this action, either at the common law, or under our statute. The claim was not against the plaintiff in the action, nor against the payee of the note, and is not made by the statute a subject matter of set-off. The 8th section of the 73d chapter of the revised statutes, page 385, is this : " If any such note, bond, bill, or other instrument in writing, shall be indorsed after the day on which the money or property therein mentioned becomes due and payable, and the indorsee shall institute an action thereon, against the maker and signer of the same, the defendant, being maker and signer, shall be allowed to set up the same defense that he might have done

Root *v.* Irwin.

had the said action been instituted in the name, and for the use, of the person or persons to whom the said note, bond, bill, or other instrument in writing, was originally made due and payable." Surely there is no mistaking the meaning of 'this statute. It is as plain as language can make it, that when the action is brought by the indorsee of a dishonored note, the maker may set up the same defense that he could have done had the action been brought by the payee. We have only then to inquire whether this would be a good plea, were the action brought in the name of the payee. The statute intends to place the defense in the same position that it would be had there been no assignment of the note. Were Pencake the payee of the note, still the holder and plaintiff in this action, Newby would be a stranger to it, and no claim of the maker against him could be set-off against the payee's claim on the note. No payment made to Newby, or claim against him, could in that case bring it within the provisions of this statute. The statute does not provide for the case of a payment made to, or a set-off against, an intermediate indorser of the note. At the common law, if the maker paid the note to an intermediate indorser, while in his hands, at or after its maturity, that might be a good payment, and available to the maker in the hands of any one to whom it might subsequently be assigned; but it would not then come within the provisions of this statute. But here there is no such plea of payment, but there is a mere claim shown against Newby, an intermediate indorser, which is not even shown to have existed while he was the holder of the note, but only before the maker had notice of the transfer to the plaintiff below. Nor does it appear that the payee ever knew that Newby was the holder of the note, while he did hold it, or previous to the time when he had notice that it was transferred to Root. The plea was bad, and the demurrer should have been sustained to it.

Judgment is reversed and cause remanded.

*Judgment reversed.*