PASTON *et al.*, Respondents, v. BUSSMEYER, Appellant.

1. The third section of the act of 1855 concerning bonds, notes and accounts (R. C. 1855, p. 322), allowing the obligor or maker of a non-negotiable promissory note every just set-off against the assignor existing at the time of the assignment unless it is expressed in the note that it is "for value received, negotiable and payable without defalcation," is not applicable to notes executed before the revised code of 1855 went into effect and made payable "without defalcation or discount," although assigned after said code went into effect.

*Appeal from St. Louis Circuit Court.*

*Krum & Harding,* for appellant.

*S. T. & A. D. Glover,* for respondents.

SCOTT, Judge, delivered the opinion of the court.

This was an action by an assignee on an assigned note for $836.71, due one day after date, and drawn negotiable and payable without defalcation or discount. The note bore date 25th January, 1856, and was assigned on the 10th day of February, 1857. The defence was a set-off against the payee and assignor before the assignment. The defence was overruled and a judgment was rendered for the plaintiffs. The defendant maintained that as the note did not contain the words "for value received," and, as it was assigned after the act of 1855 (R. C. 1855, p. 319) concerning bonds, notes and accounts had taken effect, it was controlled by the third section of that act, and consequently he had a right to plead a set-off against the payee and assignor.

The case of Smith v. Ashley, 20 Mo. 354, determined that the third section of the third article of the practice act of 1849 did not repeal the third section of the act of 1845 concerning bonds and notes. Then, at the date of the note sued on in this section, the act of 1845 was in force. By the third section of that act, as the note was payable "without defalcation or discount," it was not subject to the defence of a set-off at the time it was executed. When the note was

assigned the act of 1855 had taken effect, and, by the third section of that act, notes drawn in the form of that involved in this controversy were subject to the defence of a set-off against the payee and assignor. The question then is whether notes, not subject to the defence of a set-off when they were made, become subject to such a defence under the third section of the act of 1855.

The defences to which an action on a contract is subject are of the substance of the contract, and are to be determined by the law in force at the time of entering into it. This rule is subject only to the restriction that, as to the time of bringing or form of the action, the laws of the forum will govern. Here was a contract in which one of the parties agreed that in the event of its assignment he would not make a certain defence against it. This stipulation rendered the contract more valuable in the hands of him to whom it was made, and, even had the general assembly power to do so, we will not so construe the act as to make it injuriously affect a contract already in existence. We must construe the third section of the act of 1855 as only intended for contracts which should be made after it went into effect.

Judgment affirmed; Judge Napton concurring. Judge Richardson not sitting.