[No. 2,721.]

# WILBUR CURTIS v. THOMAS SPRAGUE AND CHARLES E. HUSE.

STRIKING OUT PART OF ANSWER.—It is error in the Court to strike out a counter claim in an answer, without a motion being made for that purpose.

IDEM.—A replication, setting up the Statute of Limitations to a counter claim contained in an answer, does not authorize the Court to strike out the counter claim.

---

Argument for Appellant.

---

MOTION TO STRIKE OUT PLEADING.—A demurrer to a replication, filed to a counter claim set up in an answer, is not equivalent to a motion to strike out the counter claim.

COUNTER CLAIM.—*Query:* In an action against the maker and indorser of a promissory note, brought by one to whom it was indorsed after it fell due, must not a counter claim set up in the answer be confined to some matter connected with the note, such as payments, want or failure of consideration, etc., or can a collateral demand be set up as such counter claim?

IDEM.—*Query:* In such action, if the counter claim exceeds the amount due on the note, can judgment be rendered against the plaintiff for the balance?

IDEM.—*Query:* In an action against the maker and indorser of a promissory note, must not a counter claim, to be available at law, be one existing in favor of the defendants jointly.

APPEAL from the District Court of the First Judicial District, County of Santa Barbara.

The facts are stated in the opinion.

*Barnes & Bowie,* for Appellant.

The action of the Court in these proceedings was erroneous. Courts are not counsel and Court, making motions and orders in civil cases *ex suo motu.* They are not intrusted with any duty other than that of administering the law between parties who invoke it. If the plaintiff had found himself aggrieved by denials that were bad, or by sham defenses, he should have tested them by moving for judgment upon the pleadings, or to strike out the answers as sham; failing to do so, the defendants' right to stand upon their pleadings was complete. While it is the duty of Courts to grant meritorious motions, properly made, we conceive it to be error in any Court to administer what it may consider justice without itself pursuing and requiring parties to pursue the ancient and customary paths of practice.

*Albert Packard,* for Respondent.

By the Court, Wallace, J.:

Curtis commenced this action against Sprague, the maker, and Huse, the indorser of a negotiable promissory note, made to one Thomas Dennis, as payee, and assigned by him to the plaintiff after it had become long overdue. The note fell due in November, 1865, and was assigned to Curtis in May, 1869, and this action was brought shortly thereafter. The complaint, after setting out the note sued upon, admitted that certain payments had been made thereon, and concluded with a prayer for judgment for the balance.

The defendants answered, and set up a payment of two hundred dollars, which, they alleged, had been in fact made on the note, but was not credited in the complaint. As it is conceded, however, that in the judgment, which the Court subsequently rendered in favor of the plaintiff, this two hundred dollars credit was allowed in favor of the defendants, no further notice of this part of the answer need be taken.

The defendants further relied upon a counter claim, which was alleged to have existed at the time of the assignment, in favor of the defendant Huse, and against Dennis, the assignor of the note sued on. This counter claim arose on an instrument in writing, signed by Dennis, and of which the following is a copy:

" Santa Barbara, December 15, 1862.

"I, Thomas Dennis, defendant in the suit of *Lewis T. Barton* v. *Thomas Dennis,* Sheriff of Santa Barbara County, hereby appoint Charles E. Huse as my attorney to obtain a dissolution of the injunction in said action; and I hereby agree to pay him one thousand dollars as a fee for obtaining the dissolution of said injunction. Witness my hand and seal the day and year above written.

" Thomas Dennis."

It was averred in the answer that no part of the fee had been paid. To so much of the answer as set up the counter claim the plaintiff demurred, "for insufficiency in not stating facts sufficient to constitute a counter claim." This demurrer was overruled.

The plaintiff, therefore, filed a replication to the counter claim contained in the answer, in which he set up the Statute of Limitations, that Dennis "never signed the article of agreement set forth in the answer for the purposes as set forth in said counter claim," and that Huse himself was interested in the dissolution of the injunction named in the obligation signed by Dennis, and that his services in procuring the dissolution were in his own behalf, and for his own benefit. On motion of the defendants the replication was stricken out. At the June term of the Court, about six months thereafter, the plaintiff, by leave of the Court, and over the objection of the defendants, filed an amended replication. This was followed at the same term by a motion of the defendants to strike out the " amended replication," which motion was denied. This amended replication again set up the Statute of Limitations against the counter claim, and averred, on general terms, that the instrument on which the counter claim was founded was obtained by Huse from Dennis by misrepresentation of its contents; that no services were performed by Huse on behalf of Dennis in the dissolution of the injunction, nor had Dennis any interest in getting it dissolved.

When the Court denied their motion to strike out the amended replication the defendants demurred to it, and the demurrer was overruled. Upon overruling the demurrer the Court below ordered the counter claim to be stricken from the answer, holding " that the plea of the Statute of Limitations in the amended reply was well and properly pleaded, and that the same was effective as against the counter claim set up in the answer of the defendants." The

Court thereupon directed its Commissioner to compute the amount due on the note, allowing the two hundred dollars credit claimed in the answer, and subsequently rendered judgment for the balance appearing to be due.

We think the Court erred in striking out the counter claim, so called, from the answer. There was no motion before the Court to strike it out, and the demurrer to the replication was not equivalent to such a motion.

We are not to be understood as determining the sufficiency of the defense interposed in this case. Its consideration involves several important questions not argued before us—at least not on the part of the respondent.

Is the agreement of Dennis to pay Huse one thousand dollars a counter claim against Curtis within the second subdivision of section forty-six of the Practice Act? If it be really a counter claim, and had exceeded the amount due on the note in suit, could judgment be rendered against Curtis for the balance owing by Dennis, under section one hundred and seventy-six and section one hundred and ninety-nine of the Practice Act? Supposing the demand against the defendants to be joint, must not the set-off, to be available *at law*, under section five, be one existing in favor of the defendants jointly, as was held in *Warner* v. *Barker*, 3 Wend. 399, and *Banks* v. *Pik.*, 15 Maine R. 268? Though Curtis received the note over due, is it in his hands subject to the collateral claim here interposed, or does not the rule confine the defense to some matter connected with the note itself, such as payments, want or failure of consideration, etc., according to the doctrine of *Burrough* v. *Moss*, 10 B. & C. 558; *Whitehead* v. *Walker*, 10 Meeson & Welsby, 695; *Gullett* v. *Hoy & Orten*, 15 Mo. R. 399? These and other important questions arise in the record, but they have not been argued before us. We are not to be expected to perform the duties of counsel.

The judgment is reversed and the cause remanded, with

directions to set aside the order striking out the counter claim, and to permit the plaintiff to file a demurrer to the answer, or to such portion thereof as he may be advised.

Mr. Justice SPRAGUE did·not express an opinion.