## LEAVITT *v.* PEABODY.

In an action by the indorsee in good faith for value of an overdue promissory note, the maker cannot set off debts due to him from the payee.

ASSUMPSIT, upon the defendant's promissory note, payable to H. or order; plea, the general issue with notice of a set-off of a debt due from H. to the defendant. For a valuable consideration H. sold and delivered the note, after its maturity, to the plaintiff, who, so far as appeared, had no knowledge of H.'s indebtedness to the defendant. It was not endorsed by H. until after the plaintiff was informed of the indebtedness, and that the defendant claimed to set it off against the note. The court rejected the set-off, and the defendant excepted.

*G. R. Brown*, for the plaintiff.

*A. S. Wait*, for the defendant.

CARPENTER, J. It sufficiently appears that the plaintiff purchased the note in good faith for a valuable consideration. It is immaterial that it was not indorsed until after he was informed that the defendant claimed to set off the debt due to him from the payee. The fact that the note was overdue when the plaintiff bought it was sufficient to discredit·it, and its non-indorsement had no greater effect. _Crosby_ v. _Grant_, 36 N. H. 279; _Southard_ v. _Porter_, 43 N. H. 379; _Ranger_ v. _Cary_, 1 Met. 369.

In _Chandler_ v. _Drew_, 6 N. H. 469, decided in 1834, it was held, upon great consideration, that in an action against the maker by the indorsee for value of an overdue promissory note, the defendant cannot set off his demands against the payee. This doctrine, approved in _Jenness_ v. _Bean_, 10 N. H. 267, and with the qualification (if it be one) that the transfer must be actual and not merely nominal, affirmed in _McDuffie_ v. _Dame_, 11 N. H. 244, and _Ordiorne_ v. _Woodman_, 39 N. H. 545, is now claimed to be unsound and opposed to the weight of authority.

The right of set-off before judgment rests upon the statute which provides that " if there are mutual debts or demands between the plaintiff and defendant at the time of the commencement of the plaintiff's action, one debt or demand may be set off against the other," and that " judgment shall be rendered for the balance due to either of the parties unless in cases before justice or police courts the balance due to the defendant shall exceed thirteen dollars and thirty-three cents; in which case judgment shall be rendered for costs only." G. L., _c._ 227, _ss._ 7 and 13. These provisions in all material respects are identical with those of the act of February 8, 1798 (Laws 1830, _p._ 79), and substantially the same as those of the English statute, except that under the latter no judgment can be rendered for a balance due to the defendant. Fisher's Dig. 7758; _Hennell_ v. _Fairlamb_, 3 Esp. 104. The purpose of the statute is to enable the parties to obtain in one action a full settlement of all their dealings, and to avoid unnecessary litigation. The plaintiff and defendant intended by the statute are the parties of record. _Isberg_ v. _Bowden_, 8 Exch. 852. If this were doubtful under the English statute, it is made certain here by the provision that judgment shall be rendered for the balance due to either of the parties, in all cases where the right of set-off is given, except in certain cases before justice and police courts. If the defendant has the right of set-off, he has the right to a judgment for any balance found due to him; if he has no right to such a judgment, he has no right of set-off. Judgment cannot be rendered for or against one who is not a party to the record. _Holland_ v. _Seaver_, 21 N. H. 386; _Winship_ v. _Conner_, 43 N. H. 167. It could not be the intention of the legislature that the purchaser of an overdue note should, in his action to enforce payment, be subjected to a judgment for the full amount of the payee's indebtedness to the maker, whatever it might be. These considera-

tions alone seem conclusive that a set-off in such case was not contemplated. *Holland* v. *Makepeace*, 8 Mass. 423 ; *Alsop* v. *Caines*, 10 Johns. 396 ; *Wheeler* v. *Raymond*, 5 Cow. 234; *Small* v. *Strong*, 2 Ark. 207. The fact that the defendant may prove so much only of his claim as may be necessary to satisfy the plaintiff's demand and abandon the residue (*Sargent* v. *Southgate*, 5 Pick. 319) has no relevancy on the question of his right of set-off. He may do so in all cases. His right to waive a judgment for the residue has no tendency to show that he is entitled to such judgment.

Under certain circumstances the defendant, in a suit brought by the principal, may set off his demands against the agent, and in a suit by the agent his demands against the principal. These cases appear to rest upon the ground that the plaintiff is, for the purpose of the remedy, estopped by his conduct from denying that the debt due to the defendant is his debt. *Stacey* v. *Decy*, 2 Esp. 469 *n.*, and 7 T. R. 361, *n.*; *Carr* v. *Hinchliff*, 4 B. & C. 547 ; *Gordon* v. *Ellis*, 2 C. B. 821 ; *Semenza* v. *Brinsley*, 18 C. B. N. S. 467 ; *Isberg* v. *Bowden*, 8 Exch. 852 ; *Coppin* v. *Craig*, 7 Taunt. 243 ; Sto. Ag., *ss.* 399, 404. So, also, if the plaintiff of record is a mere nominal plaintiff, or if the assignment of the claim in suit is as against the defendant invalid, demands against the real plaintiff or against the assignor may be set off. *Eaton* v. *Brown* cited in *Ross* v. *Knight*, 4 N. H. 237 ; *Bellows* v. *Smith*, 9 N. H. 285 ; *Jenness* v. *Bean*, 10 N. H. 266 ; *Andrews* v. *Varrell*, 46 N. H. 17 ; *Cross* v. *Brown*, 51 N. H. 486. These cases are apparent rather than real exceptions to the rule that the operation of the statute is restricted to demands of the parties to the record. A nominal plaintiff is entitled to indemnity from the real party (*Farnsworth* v. *Sweet*, 5 N. H. 269, *Gordon* v. *Drury*, 20 N. H. 353), and it may be a question whether he does or does not assume, among other consequences ( *Walcott* v. *Keith*, 22 N. H. 208, 209), that of having a judgment rendered against him for any balance found due to the defendant from the real plaintiff ; whether he is or is not estopped from denying in that action that the indebtedness of the party using his name to the defendant is his indebtedness. However this may be, and whatever may be the ground upon which the foregoing decisions rest, they afford no countenance to the doctrine that a defendant may set off demands to which the plaintiff is a stranger, and which are due to him from a person who is neither a party to the action nor interested in the claim upon which it is founded.

A debt to which one of the parties is a stranger is not a mutual debt within the meaning of the statute. If, in order to be mutual, and therefore capable of set-off, the demands must be between the same parties in the same right ( *Goodwin* v. *Richardson*, 44 N. H. 125), must arise between two or more parties dealing together ( *Gordon* v. *Bowne*, 2 Johns. 155), so that each party is at the same time the debtor and the creditor of the other (*Hendricks* v.

*Toole,* 29 Mich. 340) ; if debts due to and from executors and administrators cannot be set off against their personal debts (*Mathewson* v. *Bank,* 45 N. H. 109, *Tappan* v. *Tappan,* 30 N. H. 50, 70), debts due from a testator or intestate against those which have accrued to his legal representative (*Colby* v. *Colby,* 2 N. H. 419, *Woodman* v. *Barker,* 2 N. H. 479, *Rees* v. *Watts,* 11 Exch. 410, *Patterson* v. *Patterson,* 59 N. Y. 574, *Nichols* v. *Dayton,* 34 Conn. 65), joint against several (*Ross* v. *Knight,* 4 N. H. 236, *Brown* v. *Warren,* 43 N. H. 430), nor partnership against private debts (*Meeker* v. *Thompson,* 43 Conn. 77), and if no claim is available as a set-off unless it is recoverable at law against either the nominal or real plaintiff (*Weaver* v. *Rogers,* 44 N. H. 112),—it is impossible to hold that a demand may be set off against one who is not privy to it, and of whom the defendant could not recover it by suit at law or in equity. If a claim which the plaintiff jointly with another has promised to pay to the defendant cannot be set off against him, still less can a demand which he has never agreed to pay, and for which he is not liable to anybody in any form of action.

The maker of a negotiable promissory note stipulates to pay the contents to the payee or to his lawful assignee. Immediately upon a transfer of the note, whether before or after maturity, the payee ceases to be, and the assignee becomes, a party to the contract. The maker becomes instantly, and without notice, the debtor of the assignee. *Reynolds* v. *Davies,* 1 B. & P. 625 ; *Bank* v. *Smith,* 5 Conn. 75 ; Sto. Pr. Notes, *s.* 117. If a maker of a non-negotiable note, after an assignment, promises to pay it to the assignee, he is thereby made " directly the debtor of the assignee," and cannot set off against it his demands against the assignor. *Wiggin* v. *Damrell,* 4 N. H. 69, 75 ; *Albee* v. *Little,* 5 N. H. 277 ; *Thompson* v. *Emery,* 27 N. H. 269. If a promise made to the assignee after the assignment constitutes a waiver of the right of set-off, much more must a previous or simultaneous promise have that effect. *Morse* v. *Bellows,* 7 N. H. 549. The assignee of a negotiable note is presumed to act, in accepting the assignment, upon the faith of the maker's promise expressed in it to pay the contents directly to him.

The negotiability of a promissory note is not affected by its dishonor. The payee can transfer to another the maker's promise as effectively after as before maturity. *Dwight* v. *Emerson,* 2 N. H. 159 ; *Bishop* v. *Dexter,* 2 Conn. 419 ; *Berry* v. *Robinson,* 9 Johns. 121 ; *Adams* v. *Oakes,* 6 C. & P. 70 ; *Chalmers* v. *Lanion,* 1 Camp. 383. The doctrine, that in an action by the assignee the maker may set off his demands against the payee, makes the note to the extent of those claims non-negotiable ; or, rather, makes its negotiability depend not upon the terms of the contract, but upon the accidental circumstance that at the time of the transfer the payee is, or is not, indebted to the maker; and if he is, that the lat-

ter does or does not elect to assert his right of set-off. *Whitehead* v. *Walker*, 10 M. & W. 698. In short, it places overdue bills of exchange and promissory notes upon the same footing in this respect as unassignable choses in action. *Baxter* v. *Little*, 6 Met. 10.

There is no good reason why one who agrees to pay his note to the bearer, or to such person as the payee may order, should not be required to perform his agreement according to its terms. If it is assigned before maturity, he may be compelled to pay a demand which, as between him and the payee, is not justly due; but whether it is assigned before or after maturity, there is no reason why he should not be required to pay whatever is equitably due, and to the person to whom, by the contract, he has agreed to pay it. To permit a debtor to extinguish his creditor's demand by applying upon it his claims against a third person, is not equitable. Instead of compelling a performance, it sanctions a breach of the contract— as much as it would to permit him to satisfy the debt in counter-feit coin. It is said that " it is quite common for those who have given negotiable securities to make advances to their creditors on the faith and expectation of an allowance and adjustment, although not in the direct form of payment of their notes," and that a transfer, if it is given the effect of preventing an application of such advances upon the notes, operates as a fraud upon the makers. *Sargent* v. *Southgate*, 5 Pick. 317. But this wholly ignores the nature of the contract. By its express terms, the maker authorizes the payee to assign, and his assignee to accept the assignment, as well after as before the note falls due. He is bound to anticipate that it may be negotiated after maturity if it is then unpaid and not otherwise extinguished, and he has no right to give credit upon the faith that it will not be. It cannot be a fraud upon the maker to do that which he has authorized to be done. It is, rather, a fraud upon the assignee to give the contract an effect so essentially different from that which it purports on its face to have. The right of set-off is " a personal privilege, and not an incident or accompaniment of the debt," and is contingent upon the existence of mutual debts at the time suit is commenced. *Trafford* v. *Hall*, 7 R. I. 104 ; *Greene* v. *Darling*, 5 Mason 214 ; *Oulds* v. *Harrison*, 10 Exch. 572. In the last named case it was held that the set-off could not be allowed, although the note was assigned for the express purpose of defeating it.

The equities, infirmities, and defences available against the indorsee of an overdue note are such as arise out of the transaction on account of which it was given, and go to show that it never had a legal existence, as illegality, or want of consideration, duress, and the like ; or, if valid in its inception, such as show that it has been, prior to the transfer, extinguished, as by payment. If the note is not indorsed, and an action to enforce payment is brought by the payee, they must be asserted in answer to that suit, or the benefit

of them is forever lost. They afford in such case no ground for an independent action in favor of the maker. A set-off, on the contrary, is not a defence, but a cross action. It concedes the validity of the plaintiff's claim, and is founded upon an independent cause of action in favor of the defendant, who may at his election assert it by way of set-off, or enforce it by a separate suit.

The assignee of an overdue note is affected by such equities and infirmities only as the maker could set up as a defence against an indorsee before maturity with actual notice. Circumstances which, if known to such an indorsee, do not prejudice his right of recovery, cannot affect the rights of an indorsee after maturity. *Bank* v. *Hann*, 4 Harr., N. J., 166 ; *Fisher* v. *Leland*, 4 Cush. 456. A negotiable note in the hands of an indorsee before maturity, with knowledge at the time of the indorsement that the payee is indebted to the maker, is not subject to a set-off of such indebtedness. *Williams* v. *Brown*, 2 Keyes 486 ; *Savings Bank* v. *Bates*, 8 Conn. 505.

The precise extent of the implied warranty by the assignor of a negotiable note by delivery only, or by indorsement without recourse, may not be fully settled. Chit. Bills (11th Am. ed.), 245, 246 ; Sto. Pr. Notes, *ss.* 117 and 118. If a set-off, like the one in question, is allowed, it must, to prevent injustice, be held that upon such a transfer there is an implied warranty on the part of the assignor that the note is not liable to a set-off ; that neither he nor any previous holder became while he held it, and at the time of the assignment remains, indebted to the maker,—otherwise the assignee, whose action is defeated by a set-off, has no remedy. This remedy, if it exists, must in most cases be practically worthless, because the right of set-off is of little value, and not likely to be exercised unless the assignor is insolvent.

Statutes depriving the plaintiff of costs, limiting them, or giving costs to the defendant where less than a certain sum is recovered, have been uniformly held inapplicable to cases in which the plaintiff's damages are reduced by a set-off, upon the ground that it is not a defence, but a cross action. The plaintiff in effect recovers " the full amount of his claim, because a debt [the set-off] which he must otherwise have paid is now satisfied." *Pitts* v. *Carpenter*, 2 Stra. 1191; *Burbank* v. *Willoughby*, 5 N. H. 111; *Bryant* v. *Bowen*, 40 N. H. 157; *Barnard* v. *Curtis*, 8 Mass. 535; *Hathorne* v. *Cate*, 5 Me. 74; *Lord* v. *Hobart*, 2 Cush. 325; *Woodhams* v. *Newman*, 7 C. B. 654.

The right in question is not necessary for the protection of the maker. " If he performs services for or delivers goods to the payee, he has only to see that they are applied in payment of the note, and he can never suffer." *Chandler* v. *Drew*, 6 N. H. 475. If the payee is insolvent or likely to become so, he can guard against the effect of a transfer by making his note non-negotiable, or by stipulating that credits which may accrue in his favor shall be applied upon the note as payment. *Oulds* v. *Harrison*, 10 Exch. 572.

If the construction of the statute were doubtful, the argument drawn from the inconvenience, not to say injustice, of adjudicating claims in suits to which the alleged debtor is not a party, and in regard to which the plaintiff may neither have nor be able to obtain information, would be entitled to much weight. *Small* v. *Strong*, 2 Ark. 207. The balance only, found due from the payee to the maker upon a full accounting, can be set off by the defendant. *Collins* v. *Allen*, 12 Wend. 356 ; *Wharton* v. *Hopkins*, 11 Ired. 505. If several notes are assigned at different times to as many different persons, the maker's claims against the payee must. it would seem, be applied in set-off first upon the note last transferred, and the balance not required to extinguish it (in the event that the defendant does not have judgment for it against the plaintiff, and it is not for other reasons barred) upon the next, and so on, in the inverse order of the assignments. *Collins* v. *Allen, supra.* Inasmuch as a judgment in a suit by a holder of one note, whether in favor of or against the set-off, would not be evidence in a suit brought by another, each might be compelled to litigate independently the state of the accounts between the defendant and the payee. If defeated in all the suits, the defendant might still contest the whole matter in an action against the payee. What would be the effect of an election by the defendant not to assert his right of set-off in one or more cases upon the rights of the holders by earlier assignments, or what would be the respective rights of the several holders if all the notes were transferred at the same time, are questions which might arise. If the note passes through the hands of several successive assignees, there appears to be no reason why, in an action brought by the last, the defendant may not set off the demands which accrued in his favor against each of the prior assignees while he held the note, as well as his demands against the payee. *Bridge* v. *Johnson*, 5 Wend. 355, *Beardsley*, Senator ; *Raymond* v. *Wheeler*, 9 Cow. 295, 300. A plaintiff may thus be compelled to litigate as many distinct and separate causes of action, to all of which he is a stranger, and in regard to which he may often be unable to obtain any evidence, as there have been previous holders of the note. In an action subsequently brought by the maker against the payee, or any of the previous assignees, to enforce his claims, neither he nor they are concluded by the judgment, whatever it may be, nor affected by it, except it may be in respect to the amount actually applied upon the note. In short, if a set-off of a debt due to the defendant from one who is not a party to the suit is allowed, litigation may be increased rather than diminished, and the mischief aggravated which the statute was intended to cure.

*Sargent* v. *Southgate*, 5 Pick. 312, decided in 1827, appears to be the only reported case in which under a similar or equivalent statute, and upon full consideration of the question upon the merits, it has been held that a set-off of the kind in question is allowa-

ble. That case was cited, considered, and disapproved in *Chandler* v. *Drew.* It has been followed in Maine, but without special examination of the grounds upon which it rests. *Shirley* v. *Todd*, 9 Me. 83 ; *Burnham* v. *Tucker*, 18 Me. 179 ; *Wood* v. *Warren,* 19 Me. 23.

The same doctrine indeed was held in North Carolina in 1831 (*Haywood* v. *McNair*, 3 Dev. Law 231), but the language of the statute was not adverted to, and no authority was cited. The later cases concede that the doctrine is " a departure from the words of the statute," and " not consistent with principle," but uphold it upon the ground, among others, that such from the time of memory has been the general understanding of the bench and bar. *Haywood* v. *McNair*, 2 Dev. & Bat. 283 ; *Wharton* v. *Hopkins*, 11 Ired. 505. At a much earlier period, in *O' Callaghan* v. *Sawyer*, 5 Johns. 118 (1809), it was so held in New York, but upon the strength of first impressions, and without consideration, as the opinion and the authorities cited in support of it clearly show. The question was afterwards considered upon the merits in *Johnson* v. *Bridge*, 6 Cow. 693 (1827), and the holding was against the set-off. This decision was affirmed by the equally divided court of errors in 1830. *Bridge* v. *Johnson*, 5 Wend. 342. During the same year the question came before the court of king's bench, and all the judges concurred in a like judgment. *Burrough* v. *Moss*, 10 B. & C. 558. This case was not cited in *Chandler* v. *Drew.* It is worthy of notice that the first impressions of *Bayley* and *Park*, JJ., those of *Richardson*, C. J., and his associates (*Woods* v. *Carlisle*, 6 N. H. 28, *Chandler* v. *Drew*, 6 N. H. 472), as well as those of the New York courts, were in favor of the set-off, but that upon consideration they all alike came independently to a contrary conclusion. Similar impressions prevailed in other jurisdictions, and upon examination were found erroneous. *Peters*, J., in *Robinson* v. *Lyman*, 10 Conn. 37 ; *Gibson*, C. J., in *Hughes* v. *Large*, 2 Pa. St. 103. In all the state courts, except those already mentioned, in which the question has arisen under a like statute, and been considered, and whose reported decisions have been examined, the doctrine of *Burrough* v. *Moss* and *Chandler* v. *Drew* prevails. *Adams* v. *Bliss*, 16 Vt. 39; *Phelps* v. *Bulkeley*, 20 Vt. 17 ; *Walbridge* v. *Kibbee*, 20 Vt. 543 ; *Trafford* v. *Hall*, 7 R. I. 104; *Robinson* v. *Lyman*, 10 Conn. 31; *Bank* v. *Hann*, 4 Harr., N. J., 222; *Kilcrease* v. *White*, 6 Fla. 45 ; *Annan* v. *Houck*, 4 Gill 325 ; *Renwick* v. *Williams*, 2 Md. 356 ; *Hughes* v. *Large, supra; Spence* v. *Whitaker*, 3 Por. 297 ; *Robertson* v. *Breedlove*, Por. 541 ; *Tinsley* v. *Beall*, 2 Ga. 134; *Wilkinson* v. *Jeffers*, 30 Ga. 153 ; *Small* v. *Strong*, 2 Ark. 198 ; *Gullett* v. *Hoy*, 15 Mo. 399 ; *Shipman* v. *Robbins*, 10 Ia. 208 ; *Way* v. *Lamb*, 15 Ia. 79 ; *Hankins* v. *Shoup*, 2 Ind. 342; *Hendricks* v. *Toole*, 29 Mich. 340 ; *Davis* v. *Miller*, 14 Grat. 1; *Curtis* v. *Sprague*, 41 Cal. 55, 59 ; *James* v. *Center*, 53 Cal. 31.

The Vermont statute of October 30, 1798 (Slade's Stats. 144),

repealed in 1836, provided that the maker of a promissory note indorsed before as well as after maturity might, in a suit by the indorsee, set off all demands proper to be set off which he acquired against the payee before he received notice of the indorsement.   It was held that the statute did not apply to notes payable to bearer and assigned by delivery, and that in a suit brought by the assignee as bearer the maker could set off such demands only as were due to him from the plaintiff.   *Matthews* v. *Hall*, 1 Vt. 316; *Parker* v. *Kendall*, 3 Vt. 540.   And so, under a similar statute, it was held in Alabama.   *Robinson* v. *Crenshaw*, 2 Stew. & P. 276; *Stocking* v. *Toulmin*, 3 Stew. & P. 35; *Robertson* v. *Breedlove*, 7 Por. 541.

In several states the set-off in question is expressly authorized by statute, enacted in some instances shortly after a judgment of the courts against it.   *Driggs* v. *Rockwell*, 11 Wend. 504; 2 N. Y. Rev. Stats. 454, s. 18, sub. 9; *Oldham* v. *Wallace*, 4 Ark. 559; *Robinson* v. *Swigart*, 13 Ark. 71; *Sample* v. *Lamb*, 3 Ind. 180; *Root* v. *Irwin*, 18 Ill. 147; *Paston* v. *Bussmeyer*, 28 Mo. 330; *Brabston* v. *Gibson*, 9 How. 277, 278; *McMahan* v. *Bremond*, 16 Tex. 331; *Goodson* v. *Johnson*, 35 Tex. 622; 1 Meyer's Dig. 162, s. 106; *Nixon* v. *English*, 3 M'Cord 549; *Perry* v. *Mays*, 2 Bail. 354; *McAlpin* v. *Wingard*, 2 Rich. 547.

*Exceptions overruled.*

SMITH, J., did not sit; STANLEY and ALLEN, JJ., dissented: the others concurred.